```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
MITRE SPORTS INTERNATIONAL         :
LIMITED,
                                   :
              Plaintiff,              08 Civ. 9117 (GBD)(HBP)
                                   :
     -against-                        AMENDED
                                   :  ORDER[1]
HOME BOX OFFICE, INC.,
                                   :
              Defendant.
                                   :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/16/09

PITMAN, United States Magistrate Judge:

A conference having been held in this matter on October 13, 2009 during which various discovery disputes were discussed, for the reasons stated on the record in open court and the additional reasons set forth below, it is hereby ORDERED that:

    1. Plaintiff's application to supplement its Letters of Request is granted to the extent that plaintiff may add to or substitute for the names in its currently pending Letters of Request such that the total number of names does not exceed thirty (30). Plaintiff's application to supplement its Letters of Request is denied in all other respects.

---

[1] This Order is identical in all respects to the Order that I issued in this matter on October 15, 2009 except that a typographical error in the last line of paragraph 7 has been corrected.

2. Plaintiff's application to compel defendant to produce unredacted copies of its documents is granted to the extent that defendant is to reverse all redactions from its document production that are based on the New York Shield Law (N.Y. Civil Rights L. § 79-h) or the First Amendment to the United States Constitution. Plaintiff's motion is denied to the extent defendant has redacted irrelevant material from its documents or has redacted material on the basis of some other privilege. Copies of documents unredacted pursuant to this paragraph shall be produce within thirty (30) days

3. Plaintiff's application to add Nama Chadha, Savita Sarna, Gopal Jain, Priyanka Malhotra, Matthew O'Conner and Peggy Sivey to the individuals listed in the Protective Order who are authorized to access materials designated "Confidential - Attorney's Eyes Only" is granted. Defendant's application to add Christine Wagner, Peter Rienecker, Linda Schepp, Jamie Scherer and in-house at defendant's insurer to the individuals listed in the Protective Order who are authorized to access materials designated "Confidential - Attorney's Eyes Only" is also granted.

4. Plaintiff's application to compel defendant to produce its 30(b)(6) witnesses is granted. I express no opinion concerning whether the 30(b)(6) witnesses can subsequently be noticed to be deposed in their individual capacities; this dispute is not yet ripe for resolution.

5. No later than October 27, 2009, defendant's counsel is to advise plaintiff's counsel whether defendant's parent, Time Warner, has any documents responsive to plaintiff's subpoena. If Time Warner does have responsive documents, defendant's counsel is to advise plaintiff's counsel why Time Warner is withholding the documents (e.g. attorney-client privilege, work product, irrelevant, etc.). As I mentioned in Court on October 13, it is not productive for the parties or myself to waste time resolving a dispute concerning a particular privilege if there are no documents being withheld on the basis of that privilege.

6. Plaintiff's application to compel defendant to supplement its responses to plaintiff's interrogatories is denied; plaintiff's interrogatories exceed the scope permitted by Local Civil Rule 33.3. Plaintiff's application to compel defendants to supplement its responses

to plaintiff's requests for admission will be resolved in a separate order.

7.  Plaintiff's application to limit discovery to events occurring after September 16, 2003 is denied. Judge Daniels' most recent action concerning discovery permitted discovery going back to 1997. Accordingly, unless good cause is shown for a different date, discovery shall be limited to events occurring on or after January 1, 1997.

8.  Defendant's application to stay discovery in India is denied. Plaintiff's representations in court moot any concern that depositions will be conducted before defendant's counsel is physically able to attend; defendant has offered no colorable basis for a an indefinite stay of discovery in India. Counsel for both sides are advised that a trip to India in this matter to conduct discovery appears to be inevitable. Counsel should, therefore, immediately initiate whatever steps are necessary for such a trip, e.g., securing visas and any necessary inoculations. Because Indian rules of procedure must, of course, govern all proceedings in India, I decline to set time limits for providing notice of proceedings in India. Counsel are reminded, however, that inadequate notice of a deposi-

tion in a location as distant as India may constitute a sufficient ground to exclude the deposition.

9. Counsel for both sides are directed to confer either in person or by telephone as soon as possible to attempt to resolve all disputes concerning the date and location of the outstanding depositions. Counsel are specifically directed to have a <u>viva voce</u> conversation concerning the subject and not merely exchange correspondence or e-mails. If counsel cannot resolve the scheduling issues on their own, counsel are directed to fax me a joint letter no later than October 27, 2009 identifying any outstanding disputes concerning the depositions.

10. No later than October 20, 2009, plaintiff is directed to produce its most recent contact information for Tom Winstone and Navdel Singh.

11. Defendant's application to quash the 30(b)(6) notice of deposition concerning the display of a soccer

ball on a recently broadcast episode of <u>Curb Your Enthusiasm</u> is granted.

Dated:  New York, New York
        October 16, 2009

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

Lloyd E. Constantine, Esq.
Constantine Cannon PC
450 Lexington Avenue
New York, New York 10017

Slade R. Metcalf, Esq.
Hogan & Hartson LLP
875 Third Avenue
New York, New York 10022