```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

MITRE SPORTS INTERNATIONAL         :
LIMITED,
                                   :
            Plaintiff,                  08 Civ. 9117 (GBD)(HBP)
                                   :
    -against-                           ORDER
                                   :
HOME BOX OFFICE, INC.,
                                   :
            Defendant.
                                   :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I write to address a discovery issue that was left open at the October 13, 2009 discovery conference, namely, plaintiff's application to compel defendant to supplement its responses to plaintiff's requests for admission ("RFAs").

I. Background

This is a diversity action alleging defamation. Mitre Sports International Limited ("Mitre") alleges that Home Box Office, Inc. ("HBO") defamed it in a cable television program that was broadcast under the titles "Childhood Lost" and "Children of Industry" (collectively, the "Program"). Plaintiff manufactures and sells sporting equipment throughout the world; its product line includes various types of soccer balls. Plaintiff alleges that the Program depicts young children in India hand-stitching Mitre-branded soccer balls and reports that the

children are being paid either pennies an hour for their labor or that they are being paid nothing, their labor having been sold in advance by their parents to pay off the parents' debts. According to Mitre, although the Program reports that ten brands of soccer balls are manufactured by the child laborers depicted in the Program, Mitre is the only brand identified.

Mitre further alleges that it has interviewed the children depicted in the Program as being child laborers and that the children have advised Mitre that they were paid by the Program's producers to pretend to be child laborers, when in truth and in fact, they are not. In essence, Mitre claims that the Program is a work of fiction that was known by defendant to be fictitious that was, nevertheless, passed off as fact. Mitre claims that despite having brought this information to HBO's attention and requesting that HBO not broadcast or rebroadcast the Program, HBO has refused its requests.

II. The Discovery
    Requests in Issue

Mitre has served 167 RFAs on HBO and claims here that the responses to 84 RFAs are defective for a number of reasons. Specifically, Mitre claims that the deficiencies in HBO's responses can be broken down into six categories: (1) RFAs improperly objected to as irrelevant, overbroad, vague, unduly burdensome, incomprehensible, unintelligible or privileged (26 RFAs);

(2) RFAs improperly objected to on the ground that they seek admissions concerning the content of the Program (11 RFAs); (3) an RFA improperly objected to on the ground that it is based on an inaccurate factual predicate (1 RFA); (4) RFA responses that have improperly been limited to the knowledge of only HBO's employees (11 RFAs); (5) RFA responses have been improperly limited to the knowledge of only certain HBO employees (15 RFAs) and (6) RFA's that have been improperly objected to as containing undefined terms (20 RFAs).

The general criteria for assessing requests for admissions and the responses thereto are well summarized in 2 Michael C. Silberberg, Edward M. Spiro & Judith L. Mogul, Civil Practice in the Southern District of New York § 23:4 at 23-7 (2d ed. 2008):

> Request[s] for admissions must be simple and direct and limited to singular relevant facts so as to be admitted or denied without explanation; requests should not state "half a fact" or half-truths which require the answering party to qualify responses. The facts which are the subject of a request for admission should be ascertainable from the request alone and should not be incorporated by reference to other materials except in unusual circumstances. Lengthy multi-factual statements, in which argument and conclusion are interwoven with fact should not be used. A litigant will not be required to admit or deny discovery requests which were not simple and concise statements of fact but, rather vague and ambiguous wordings which do not allow the respondents to fairly admit or deny them. Requests calling upon a party to set forth its interpretation of a document are an appropriate use of requests to admit.

(Footnotes omitted.)  See also Wiwa v. Royal Dutch Petroleum Co.,

96 Civ. 8386 (KMW)(HBP), 01 Civ. 1909 (KMW)(HBP), 2009 WL 1457142 at *4-*5 (S.D.N.Y. May 26, 2009).

    I shall address each category in turn.

    A.   <u>RFAs Objected to as Irrelevant, Overbroad, Vague, Unduly Burdensome, Incomprehensible, Unintelligible or Privileged (4-15, 20-22, 28, 31, 35-36, 43, 46, 50-51, 127-28 and 167</u>

| | |
|---|---|
| RFAs 4-5 | Objection sustained given HBO's representation that the Program was distributed on September 16, 2008. This fact would render these RFAs incomprehensible. |
| RFAs 6-15 | Objection sustained given HBO's representation that Preeti and Savita Singh do not appear in the Segment. This fact would render these RFAs incomprehensible. |

| | |
|---|---|
| RFAs 20-22, 28, 31, 35, 36, 43, 46, 50, 51 | Work product objection appears colorable.  Although the making of a privilege objection, without more, is usually a sufficient response to a discovery request, when the assertion of privilege is challenged, the party asserting privilege bears the burden of establishing the elements of the privilege. In re Grand Jury Subpoena Dated December 19, 1978, 599 F.2d 504, 510 (2d Cir. 1979); Johnson Matthey, Inc. v. Research Corp., 01 Civ. 8115 (MBM)(FM), 2002 WL 31235717 at *3 (S.D.N.Y. Oct. 3, 2002).  "The burden cannot be met by '"mere conclusory or ipse dixit assertions"' in unsworn motion papers authored by attorneys." Gulf Islands Leasing, Inc. v. Bombardier Capital, Inc., 215 F.R.D. 466, 472 (S.D.N.Y. 2003), quoting von Bulow v. von Bulow, 811 F.2d 136, 144 (2d Cir. 1987) and In re Bonanno, 344 F.2d 830, 833 (2d Cir. 1965).  Accordingly, where HBO's assertion of a privilege has been challenged, it must now provide evidence establishing the elements of the privilege. |
| RFAs 127-28 | Objection sustained; soccer balls are not "brands of sports equipment" and, therefore, RFA is unintelligible. |
| RFAs 167 | Objection overruled.  Meaning of "Atlanta Agreement" is readily ascertainable. |

5

    B.   RFAs Concerning the Content of the Program (60,130-39)

| | |
|---|---|
| RFAs 60, 130, 133-37 | Because RFAs may be used to elicit a stipulation concerning the interpretation of document, <u>S.E.C. v. Thrasher</u>, 92 Civ. 6987 (JFK)(MHD), 1996 WL 507318 at *6 (S.D.N.Y. Sept. 6, 1996), the objection is overruled.  I note in passing that the relevance of this RFA seems questionable at best, but HBO does not object on the ground of relevance. |
| RFAs 131-32 | Relevance objection sustained. |
| RFA 138 | Objection overruled.  RFA relates to one of the central allegations in complaint.  RFAs may be used to elicit a stipulation concerning the interpretation of document, <u>S.E.C. v. Thrasher</u>, <u>supra</u>, 1996 WL 507318 at *6. |
| RFA 139 | Objection overruled.  RFA fairly asks for interpretation of Program. <u>S.E.C. v. Thrasher</u>, <u>supra</u>, 1996 WL 507318 at *6. |

    C.   RFA Objected to as Being Based on an Inaccurate Factual Predicate (1)

| | |
|---|---|
| RFA 1 | Validity of objection cannot be determined from response.  HBO directed to serve supplemental response identifying the allegedly inaccurate factual predicate and how it renders an admission or denial impossible. |

      D.    RFA Responses that Exclude Conduct by HBO's Putative <u>Agents (23-5, 37-40 and 52-55)</u>

| | |
|---|---|
| RFAs 23-25, 37-40, 52-55 | Objection overruled; HBO is directed to serve amended responses that include any conduct by its agents while acting within the scope of their agency. |

      E.    RFA Responses that Have Been Limited to the Knowledge of Only Certain <u>HBO Employees (100-13 and 165)</u>

| | |
|---|---|
| RFAs 100-13, 165 | To the extent HBO objects to the use of the word "understanding" as vague and ambiguous, its objection is sustained. HBO's limitation of its response to "the individuals responsible for the production of the [Program]" is overruled. The putative fact that is the subject of this RFA is relevant independently of the knowledge of "the individuals responsible for the production of the [Program]." Remaining objections overruled. |

      F.    RFAs Allegedly Containing Undefined <u>Terms (145-64)</u>

| | |
|---|---|
| RFAs 145-64 | Objections overruled; the term "benefit" is not so vague as to render these RFAs incomprehensible. HBO is directed to submit unqualified responses. |

To the extent objections are overruled or supplemental responses ordered, HBO is directed to serve its supplemental

7

responses within fourteen (14) days of the date of this Order

Dated:  New York, New York
        November 3, 2009

                                        SO ORDERED

                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

Lloyd E. Constantine, Esq.
Constantine Cannon PC
450 Lexington Avenue
New York, New York 10017

Slade R. Metcalf, Esq.
Hogan & Hartson LLP
875 Third Avenue
New York, New York 10022

8