UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MITRE SPORTS INTERNATIONAL LIMITED,   :
                                         :
                  Plaintiff,         :   Case No.: 08 CIV 9117(GBD) (HBP)
                                           :
      -against-                 :
                                           :
HOME BOX OFFICE, INC.,             :
                                         :
                Defendant.       :
                                         :

------------------------------------------------------------X

**MEMORANDUM OF LAW OF DEFENDANT HOME BOX OFFICE, INC. IN OPPOSITION TO PLAINTIFF MITRE SPORTS INTERNATIONAL LIMITED'S SECOND OBJECTIONS TO MAGISTRATE JUDGE PITMAN'S <u>OCTOBER 16, 2009 ORDER</u>**

HOGAN & HARTSON LLP
Slade R. Metcalf
Katherine M. Bolger
Rachel F. Strom
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

<u>Of Counsel</u>:
Stephanie S. Abrutyn
Home Box Office, Inc.
1100 Avenue of the Americas
New York, NY 10036

*Attorneys for Defendant Home Box Office, Inc.*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................1

FACTUAL BACKGROUND.................................................................................1

A.  HBO's Redactions..................................................................................1

B.  The Rejection of Mitre's Challenges to HBO's Redactions ...................................2

ARGUMENT.................................................................................................3

I.      Judge Pitman's Decision That HBO Is Not Required To Turn Over
        Irrelevant Material Was Not Clearly Erroneous...................................................3

II.     Mitre Has Failed to Meet Its Burden Under the Shield Law..............................7

CONCLUSION ............................................................................................9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Brown & Williamson Tobacco Corp. v. Wigand*,
    No. 101678/96, 1996 WL 350827 (Sup Ct. N.Y. Co. Feb. 28, 1996) ......................................8

*Cantrell v. Forest City Pub. Co.*,
    419 U.S. 245 (1974) .........................................................................................................5

*Collens v. City of New York*,
    222 F.R.D. 249 (S.D.N.Y. 2004) .....................................................................................4

*Edmonds v. Seavey*,
    No. 08 Civ. 5646(HB),
    2009 WL 2150971 (S.D.N.Y. July 20, 2009) .................................................................6

*Flaherty v. Filardi*,
    No. 03 Civ. 2167(LTS)(HBP),
    2009 WL 749570 (S.D.N.Y. March 20, 2009) .................................................................6

*Fonseca v. Regan*,
    734 F.2d 944 (2d Cir. 1984),
    *cert. denied, Republic of Columbia v. Fonseca*, 469 U.S. 882 (1984) ......................................4

*Golten v. Kasper*,
    No. 07 CV 1024(GBD),
    2008 WL 2332295 (S.D.N.Y. June 3, 2008) (Daniels, J.) ...........................................3

*Guice-Mills v. Forbes*,
    12 Misc.3d 852, 819 N.Y.S.2d 432 (Sup. Ct. N.Y. Co. 2006) .......................................7

*Herbert v. Lando*,
    441 U.S. 153 (1979) .........................................................................................................4

*In re American Broad. Cos.*,
    189 Misc. 2d 805, 735 N.Y.S.2d 919 (Sup. Ct. N.Y. Co. 2001) ..............................8

*In re Rivastigmine Patent Litigation*,
    237 F.R.D. 69 (S.D.N.Y. 2006) .......................................................................................7

*Karedes v. Ackerley Group, Inc.*,
    423 F.3d 107 (2d Cir. 2005) .............................................................................................6

*Kingsway Fin. Svc's, Inc. v. Pricewaterhouse-Coopers LLP*,
    No. 03 Civ. 5560(RMB)(HBP),
    2007 WL 473726 (S.D.N.Y. Feb. 14, 2007) (Pitman, J.) .............................................7

*Masson v. New Yorker Magazine, Inc.*,
   501 U.S. 496 (1991) ................................................................5

*Women's InterArt Ctr., Inc. v. N.Y.C. Economic Dev.*,
   223 F.R.D. 156 (S.D.N.Y. 2004) (Ellis, J.) .........................................7

**STATUTES**

28 U.S.C. § 636(b)(1)(A) ...........................................................3

N.Y. Civil Rights L. § 79-h ...............................................1, 2, 3, 7, 8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(b)(1) ...........................................................4

Fed. R. Civ. P. 72(a) ...............................................................3

.

Defendant Home Box Office, Inc. ("HBO") respectfully submits this opposition to the second set of Objections to Magistrate Judge Henry Pitman's October 16, 2009 Order (the "Second Objections") submitted by plaintiff Mitre Sports International Limited ("Mitre") seeking to compel HBO to produce documents without redactions based on irrelevance. The facts necessary for the determination of this motion are set forth in the accompanying declaration of Katherine M. Bolger, sworn to the 16th day of November, 2009 (the "Bolger Decl."), and the exhibits annexed thereto.

## PRELIMINARY STATEMENT

In this Second Objection, Mitre seeks to convince this court that it was clearly erroneous of Judge Pitman to bar Mitre from gaining access to information that is wholly irrelevant to this litigation. Specifically, Mitre argues that Judge Pitman was wrong to deny its request to compel HBO to unredact portions of its document production that contain the personal and sensitive information of HBO employees and/or the newsgathering materials for segments of "Real Sports with Bryant Gumbel" not at issue in this lawsuit. Clearly, however, Judge Pitman's ruling was not only consistent with but was, indeed, mandated by the Federal Rules of Civil Procedure, which expressly provide that the parties are entitled only to information that is *relevant* to the lawsuit. In addition, the redactions that relate to the newsgathering for other segments of "Real Sports with Bryant Gumbel" are themselves protected from disclosure by the New York State Shield Law, N.Y. Civil Rights L. § 79-h. As a result, Mitre is not entitled to their production under any circumstances. For these reasons, this Court should deny Mitre' s objection.

## FACTUAL BACKGROUND

A.    **HBO's Redactions**

HBO has produced several thousands of pages of documents in response to Mitre's document requests. Bolger Decl. at ¶ 2. Some of those pages contain redactions based on the

fact that the redacted information is irrelevant to this lawsuit. Specifically, the redactions contain two classes of information. First, HBO has redacted information of a personal or sensitive nature, such as credit card information and social security numbers, as well as information about the personal and family lives of HBO's employees that is wholly unrelated to the allegedly defamatory segment at issue (the "Segment"). *Id.* at ¶ 3. Second, HBO also redacted information that emanates from newsgathering efforts for other segments of "Real Sports with Bryant Gumbel" (the "Other Real Sports Segments") that were being produced at the same time as the Segment. *Id.* at ¶ 4. Producers of the Segment, for example, used the same notebook to take notes relating to the Segment and notes for Other Real Sports Segments, even though the Other Real Sports Segments had nothing to do with the production of the Segment, Mitre, or the manufacture of soccer balls in India. HBO redacted the information regarding the Other Real Sports Segments, both because of the clear irrelevance of that information and because that information was is unquestionably privileged under the New York State Shield Law, N.Y. Civil Rights L. § 79-h.

**B.    The Rejection of Mitre's Challenges to HBO's Redactions**

On October 13, 2009, Mitre and HBO attended a status conference before Judge Pitman (the "October Conference"). Bolger Decl. at ¶ 5 (a true and correct copy of the relevant pages from the October 2009 Conference transcript (the "October Conf. Tr.") is annexed to the Bolger Decl. as Ex. A). At the October Conference, Mitre argued that it was somehow entitled to this irrelevant information and that HBO's redactions were "clearly improper under general rules of redaction." October Conference Tr. at 25. Judge Pitman disagreed, noting that "one of the fundamental limitations in Rule 26 is the discovery sought has to be relevant to a claim or defense and non-privileged." *Id.* Judge Pitman further noted that Mitre was "not entitled to irrelevant information under Rule 26" and that "[t]he producing party makes the initial relevance

determination." *Id.* at 25-26.

On October 16, 2009, Judge Pitman entered an amended order (the "October 16 Order") memorializing that decision.[1]   Bolger Decl. at ¶ 6 (a true and correct copy of the October 16 Order is annexed to the Bolger Decl. as Ex. B).  Mitre filed its Second Objections on October 30, 2009.  Bolger Decl. at ¶ 1.

## ARGUMENT

This Court should deny Mitre's objections to the October 16 Order.  As Mitre only glancingly mentions in the Second Objections, the October 16 Order must be clearly erroneous or contrary to law to warrant reversal.  *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Golten v. Kasper*, No. 07 CV 1024(GBD), 2008 WL 2332295 (S.D.N.Y. June 3, 2008) (Daniels, J.).  Here, there can be no question that the part of Judge Pitman's order to which Mitre objects, which refuses to compel HBO to produce information that is irrelevant to this litigation, privileged, or both, was not clearly erroneous.

In addition, to the extent that the redactions relate to other segments researched and/or distributed by HBO on "Real Sports with Bryant Gumbel," that information is privileged pursuant to the New York State Shield Law, N.Y. Civil Rights L. § 79-h, and Mitre is not entitled to discovery of that information.

## I.   JUDGE PITMAN'S DECISION THAT HBO IS NOT REQUIRED TO TURN OVER IRRELEVANT MATERIAL WAS NOT CLEARLY ERRONEOUS

This Court may only sustain the Second Objections and reverse the October 16 Order if the October 16 Order is clearly erroneous or contrary to law.  *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Golten v. Kasper*, No. 07 CV 1024(GBD), 2008 WL 2332295 (S.D.N.Y. June 3, 2008) (Daniels, J.).   Here, Mitre has made little attempt to show that Judge Pitman's

---

[1]      Judge Pitman issued an Order on October 15, 2009 that contained a typographical error.  The October 16 Order corrected that error.  Bolger Decl. at ¶ 6.

decision was clearly erroneous or contrary to law, perhaps recognizing that it cannot do so.  A lynchpin of the law of discovery is that the parties to a litigation are entitled to discover only information that is *relevant* to the dispute.  The mere bringing of a lawsuit does not entitle Mitre to unfettered access to HBO's files, nor does it give Mitre the right to second guess HBO's relevance determinations.  There is no good faith basis, therefore, for Mitre to argue that Judge Pitman's argument was clearly erroneous, and this Court should deny Mitre's Second Objections.

First and foremost, the plain language of the Federal Rules of Civil Procedure explicitly limit the scope of discovery to "any nonprivileged matter that is *relevant* to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1) (emphasis added).  "The basic rule governing the permissible scope of discovery ... [is] that parties may obtain discovery regarding any matter, not privileged, which is *relevant* to the subject matter involved in the pending action."  *Fonseca v. Regan*, 734 F.2d 944, 948 (2d Cir. 1984) (emphasis added) (internal marks and citations omitted), *cert. denied*, *Republic of Columbia v. Fonseca*, 469 U.S. 882 (1984).

In addition, as the United States Supreme Court has held, "the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied...[and] judges should not hesitate to exercise appropriate control over the discovery process."  *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (internal citations omitted).  Accordingly, "[w]hile Rule 26(b)(1) still provides for broad discovery, courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into actions or past wrongdoing not related to the alleged claims or defenses."  *Collens v. City of New York*, 222 F.R.D. 249, 252-253 (S.D.N.Y. 2004).  Mitre, therefore, is not entitled to the discovery of

information that is not relevant to this dispute, and Judge Pitman was absolutely correct in denying Mitre's challenge to HBO's relevance redactions.

In the face of this clear precedent, Mitre makes three principal arguments that Judge Pitman's order is erroneous. None are persuasive here. First, Mitre argues that the redacted information—which, as discussed above, is either personal information or information related to completely different reports produced by "Real Sports"—is somehow relevant to this litigation by hypothesizing that said information is related to purely hypothetical relationships between third parties and HBO's parent company, Time Warner Inc. Such rank speculation cannot form the basis for overruling Judge Pitman's Order. In point of fact, none of these documents relate in any way to Time Warner.[2] Mitre served a separate subpoena on Time Warner that is not at issue here.

Next, Mitre argues that the redacted information is relevant to the question of whether HBO acted with actual malice in distributing the allegedly defamatory Segment.[3] Mitre Mem. at 3-4. In so arguing, Mitre either does not understand or deliberately misconstrues both the law of defamation and the nature of the redactions. The constitutional malice that a public figure plaintiff must prove in the defamation context "is quite different from the common-law standard of 'malice.'" *Cantrell v. Forest City Pub. Co.*, 419 U.S. 245, 251-252 (1974); *see also Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 510 (1991) ("Actual malice ... should not be confused with the concept of malice as an evil intent or a motive arising from spite or ill will."). As the Second Circuit has held, "the actual malice standard does not measure malice in the sense of ill

---

[2]     Mitre quotes HBO's counsel's discussion of Mitre's subpoena to Time Warner as a reason to suspect the nature of the redactions at issue in this Objection. Mitre Mem. at 3. That approach is mixing apples and oranges. The redacted documents at issue in Mitre's Second Objections—and, indeed, the only redacted documents produced by HBO in this litigation—were produced in response to the document requests to HBO and were in the custody and control of HBO.

[3]     "Actual malice" in the constitutional sense should more accurately be referred to, and hereinafter will be referred to, as "constitutional malice".

will or animosity, but instead the speaker's subjective doubts about the truth of the publication."
*Karedes v. Ackerley Group, Inc.*, 423 F.3d 107, 114 (2d Cir. 2005) (citations omitted).  Thus, for
purposes of determining whether HBO acted with constitutional malice, Mitre must demonstrate
that HBO either "knew that the statements [in the Segment at issue] were false," or that HBO
"made the statements with reckless disregard of whether they were true or false." *Id.*  The only
redactions at issue in the Second Objections, however, are those that relate to personal details
irrelevant to this dispute and to newsgathering activities related to other segments researched for
or distributed by "Real Sports."  By law, then, they do not relate to whether HBO had subjective
doubts as to the truth of the Segment; indeed, they are wholly unrelated to the Segment.

Finally, Mitre argues that because other judges of this Court have, in some circumstances,
ordered that a party unredact its documents, Judge Pitman's order was "clearly erroneous."  This
argument, however, misapprehends both the clearly erroneous standard and the reach of the
decisions cited in the Objections.  To show that Judge Pitman's order was clearly erroneous,
Mitre must leave this Court "with the definite and firm conviction that a mistake has been
committed."  *Flaherty v. Filardi*, No. 03 Civ. 2167(LTS)(HBP), 2009 WL 749570, at *19
(S.D.N.Y. March 20, 2009) (citations omitted).  Further, the "clearly erroneous" standard is
"highly deferential, and magistrate judges are afforded broad discretion in resolving non-
dispositive disputes and reversal is appropriate only if their discretion is abused." *Id.* (internal
marks and citations omitted).  Thus, as a matter of law, a "showing that reasonable minds may
differ…is not sufficient to overturn a magistrate judge's decision." *Edmonds v. Seavey*, No. 08
Civ. 5646(HB), 2009 WL 2150971, at *2 (S.D.N.Y. July 20, 2009) (citations omitted).

Rather than cite any binding authority on the issue of relevance-based redactions that
would show Judge Pitman had abused his discretion, the most that Mitre can muster is the idea

that one judge in the Southern District believes that "relevance based redactions 'are generally unwise,'" and that a few other judges have also decided to compel removal of relevance-based redactions. Mitre Mem. at 2-4 (citations omitted). Yet the reasonable minds of the Southern District have clearly differed on this very point. *See, e.g., Kingsway Fin. Svc's, Inc. v. Pricewaterhouse-Coopers LLP*, No. 03 Civ. 5560(RMB)(HBP), 2007 WL 473726, at *3 (S.D.N.Y. Feb. 14, 2007) (Pitman, J.) (permitting redaction of irrelevant information); *In re Rivastigmine Patent Litigation*, 237 F.R.D. 69, 82 (S.D.N.Y. 2006) (Francis, J.) (same); *Women's InterArt Ctr., Inc. v. N.Y.C. Economic Dev.*, 223 F.R.D. 156, 162 (S.D.N.Y. 2004) (Ellis, J.) (same). Moreover, none of the cases cited by Mitre involved information that also is privileged. Given the varying practice among the different judges of the Southern District, Judge Pitman's decision cannot possibly be considered an abuse of discretion. Accordingly, Mitre has not met the high standard of showing that Judge Pitman's decision was clearly erroneous, and this Court should affirm Judge Pitman's October 16 Order.[4]

## II.   <u>MITRE HAS FAILED TO MEET ITS BURDEN UNDER THE SHIELD LAW</u>

Finally, to the extent Mitre seeks to compel HBO to unredact portions of documents related to the Other Real Sports Segments, that information is protected from disclosure by the New York State Shield Law, N.Y. Civil Rights L. § 79-h(c) (the "Shield Law").[5]   The Shield

---

[4]   In the Opposition, Mitre argues that Judge Pitman should conduct an *in camera* review of the documents to determine whether the redacted information is relevant. For the reasons discussed above, Mitre has not made a showing that it is entitled to such a review. If, however, this Court determines that it the *in camera* review is necessary, HBO will produce the documents so that this Court can see how irrelevant the redacted information is to this dispute.

[5]   To the extent Mitre argues that HBO has waived the Shield Law Privilege over its newsgathering materials related to the Segment, such a waiver cannot possibly apply to the Shield Law Privilege HBO asserts over the newsgathering materials related to the Other Real Sports Segments. *See Guice-Mills v. Forbes*, 12 Misc.3d 852, 857-858, 819 N.Y.S.2d 432, 436 (Sup. Ct. N.Y. Co. 2006) (finding waiver of the Shield Law Privilege through voluntary disclosure, but noting that "the scope of questioning is strictly limited to what was said" and that "[i]f plaintiff wants additional information with respect to the remainder of Mr. Wakin's article research, plaintiff must meet the tripartite test requirements" ); *see also Brown & Williamson Tobacco Corp. v. Wigand*, No. 101678/96, 1996 WL 350827, at *6 (Sup Ct. N.Y. Co. Feb. 28, 1996)

Law protects two classes of newsgathering information: (1) information that discloses confidential sources; and (2) information that does not disclose confidential sources but is obtained during the course of newsgathering activities.   The Shield Law privilege for confidential materials is absolute (*see* N.Y. Civ. Rights L. § 79-h(b)) ("Exemption of professional journalists and newscasters from contempt: *Absolute protection* for confidential news").

The Shield Law also provides a qualified privilege for newsgathering information that does not contain confidential source material such that the party seeking disclosure cannot obtain the newsgathering materials unless it is able to clearly and specifically demonstrate that the information is (i) highly material and relevant; (ii) critical or necessary to the maintenance of the party's claim, defense or proof of an issue material thereto, and (iii) not obtainable from any alternative source.   N.Y. Civ. Rights L. § 79-h(c).   Under this three-part test, Section 79-h(c) requires "disclosure of non-confidential material only as a last resort."   *In re American Broad. Cos.*, 189 Misc. 2d 805, 808, 735 N.Y.S.2d 919, 921 (Sup. Ct. N.Y. Co. 2001).

Here, the bulk of the redactions at issue in this second objection relate to Other Real Sports Segments, and all of the redacted information is protected by the Shield Law.   At the very least, all of this information consists of newsgathering materials that are only subject to discovery if Mitre makes the showing set forth above.   Mitre will never be able to do so, however, because information regarding the research and production of Other Real Sports Segments that have nothing to do with Mitre or child labor are neither highly material and relevant, much less critical or necessary, to Mitre's claim.

---

(holding that even if CBS had partially waived its Shield Law Privilege, limited disclosure "cannot serve as a basis to gain unfettered access to CBS news files or to depose reporters").

## CONCLUSION

Accordingly, this Court should overrule Mitre's Second Objections and affirm Judge Pitman's October 16 Order permitting HBO to redact non-relevant portions of relevant documents.

Dated: November 16, 2009

Respectfully submitted,

HOGAN & HARTSON LLP


By:____/s/  Katherine M. Bolger_____
Slade R. Metcalf
Katherine M. Bolger
Rachel F. Strom
HOGAN & HARTSON LLP
875 Third Avenue
New York, New York 10022
Tel.  (212) 918-3000

Of Counsel:
Stephanie S. Abrutyn
Home Box Office, Inc.
1100 Avenue of the Americas
New York, New York 10036

*Attorneys for Defendant*
*Home Box Office, Inc.*