```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

MITRE SPORTS INTERNATIONAL         :
LIMITED,
                                   :
              Plaintiff,               08 Civ. 9117 (GBD)(HBP)
                                   :
     -against-                         OPINION
                                   :   AND ORDER
HOME BOX OFFICE, INC.,
                                   :
              Defendant.
                                   :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

Defendant Home Box Office, Inc. ("HBO") moves to expand the scope of discovery both temporally and geographically. To the extent HBO seeks to expand the scope of discovery temporally, its application was denied for the reasons stated on the record in open court on April 1, 2010. For the reasons set forth below, its application to expand the scope of discovery geographically is also denied.

This is a defamation action arising out of a segment broadcast in 1998 on the HBO program Real Sports with Bryant Gumbel and entitled "Children of Industry." The segment purports to depict the sad state of child laborers in India who work for either pennies a day stitching leather panels together to make soccer balls or who do that work for no compensation in order to pay off debts incurred by their parents or relatives. As characterized in the complaint, "[t]he program detailed inhumane

working conditions and the children's loss of schooling, hope and their very childhood" (Compl. at 1).  Although the segment states that the child laborers manufacture soccer balls for several different companies, plaintiff is the only soccer ball manufacturer identified by name.  The only countries to which the segment refers are India and Pakistan.  The segment does not suggests that the exploitation of child labor in India and Pakistan is part of a worldwide or Asia-wide problem, nor does it suggest that the exploitation of child labor is a problem in any other country.

      Plaintiff, Mitre Sports International Limited ("Mitre"), claims that it does not use child labor to manufacture its soccer balls and that the segment "falsely, intentionally and maliciously perpetrates a hoax on Mitre and the millions of viewers who watched the initial and subsequent HBO broadcasts . . ." (Compl. at 1-2).  HBO claims, among other things, that the program is true and accurate.  The parties have recently completed a multi-week trip to India in which they deposed some of the participants in the segment, including some of the children who were depicted in the segment.  Each side claims that the testimony elicited in India supports its respective position.

      HBO currently seeks to expand the scope of discovery to include China in an apparent effort to support a "substantial truth" defense.  As explained by the Honorable Loretta A. Preska,

Chief Judge of the Southern District of New York, in Jewell v. NYP Holdings, Inc., 23 F. Supp. 2d 348, 366-67 (S.D.N.Y. 1998) (Preska, D.J.):

> Under New York law, it is well-settled that "'truth is an absolute, unqualified defense to a civil defamation action.'" Guccione v. Hustler Magazine, Inc., 800 F.2d 298, 301 (2d Cir. 1986), cert. denied, 479 U.S. 1091, 107 S.Ct. 1303, 94 L.Ed.2d 158 (1987) (quoting Commonwealth Motor Parts Ltd. v. Bank of Nova Scotia, 44 A.D.2d 375, 378, 355 N.Y.S.2d 138, 141 (1st Dep't 1974) (citation omitted), aff'd, 37 N.Y.2d 824, 377 N.Y.S.2d 482, 339 N.E.2d 888 (1975)). It is an equally fundamental concept that "'substantial truth' suffices to defeat a charge of libel." Id. (quoting Fairley v. Peekskill Star Corp., 83 A.D.2d 294, 297, 445 N.Y.S.2d 156, 159 (2d Dep't 1981)); see also Carter v. Visconti, 233 A.D.2d 473, 474, 650 N.Y.S.2d 32, 33 (2d Dep't 1996), leave to appeal denied, 89 N.Y.2d 811, 657 N.Y.S.2d 403, 679 N.E.2d 642 (1997). A statement is substantially true if the statement would not "have a different effect on the mind of the reader from that which the pleaded truth would have produced." Fleckenstein v. Friedman, 266 N.Y. 19, 23, 193 N.E. 537, 538 (1934); see also Cafferty v. Southern Tier Publishing Co., 226 N.Y. 87, 93, 123 N.E. 76, 78 (1919) ("When the truth is so near to the facts as published that fine and shaded distinctions must be drawn and words pressed out of their ordinary usage to sustain a charge of libel, no legal harm has been done."); Chung v. Better Health Plan, No. 96 Civ. 7310(JGK), 1997 WL 379706, at *2 (S.D.N.Y. July 9, 1997); Vetere v. Associated Press, Inc., No. 88 Civ. 4115 (MGC), 1989 WL 39664, at *1 (S.D.N.Y. April 17, 1989). Thus, under New York law, "it is not necessary to demonstrate complete accuracy to defeat a charge of libel. It is only necessary that the gist or substance of the challenged statements be true." Printers II, Inc. v. Professionals Publishing, Inc., 784 F.2d 141, 146 (2d Cir. 1986); see also Korkala v. W.W. Norton & Co., 618 F. Supp. 152, 155 (S.D.N.Y. 1985) ("Slight inaccuracies of expression are immaterial provided that the defamatory charge is true in substance.") (internal quotation marks and citation omitted); Sharon v. Time, Inc., 609 F. Supp. 1291, 1294 (S.D.N.Y. 1984) ("Defendant is permitted to prove the substantial truth of this state-

>           ment by establishing any other proposition that has the
>           same 'gist' or 'sting' as the original libel, that is,
>           the same effect on the mind of the reader.").

(Emphasis added in Jewell.).  See Meloff v. New York Life Ins. Co., 240 F.3d 138, 146 (2d Cir. 2001) ("Substantial truth turns on the understanding of the 'average reader.'"); Croton Watch Co. v. Nat'l Jeweler Magazine, Inc., 06 Civ. 662 (GBD), 2006 WL 2254818 at *5 (S.D.N.Y. Aug. 7, 2006) ("The purportedly defamatory statements need only be substantially true, so that minor inaccuracies cannot give rise to an actionable defamation claim."); see also Guccione v. Hustler Magazine, Inc., 800 F.2d 298, 301 (2d Cir. 1986) (no defamation where plaintiff was an adulterer for 13 years instead of the 17 years claimed in defendant's publication).

If the segment had described child labor as a world wide or Asia-wide problem or claimed that the children depicted in the segment were examples of a problem that exists throughout many countries, HBO's argument might have traction.  The segment, however, was almost exclusively limited to India.  It was filmed exclusively in India, and all the child laborers depicted are Indian.  The local social activist interviewed in the segment who describes the depth of the problem -- Kailash Satyarthi -- is Indian.  At one point in the segment, Bryant Gumbel asks the story's reporter "Why just India?  Why not poor areas of other countries in Asia, Africa --"  The reporter's answer references

4

only Pakistan and does not remotely suggest any problem elsewhere in Asia or Africa.  Given the fact that the segment focuses almost exclusively on India, even if Mitre utilized child labor in China to manufacture soccer balls (and there is no evidence before me that it does), that fact would not render the statements in the segment substantially true.

HBO appears to argue in response that Mitre's use of child labor in China, if it exists would render the segment substantially true because such use of child labor would have the same impact on the audience as the use of child labor in India. HBO's argument appears to have its roots in <u>Fleckenstein v. Friedman</u>, 226 N.Y. 19, 193 N.E. 537 (1934) in which the New York Court of Appeals suggested that "[a] workable test [for the defense of substantial truth] is whether the libel as published would have a different effect on the mind of the reader from that which the pleaded truth would have produced."  226 N.Y. at 23, 193 N.E. at 538.  The facts of <u>Felckenstein</u> suggest that the forgoing statement is not as broad as plaintiff suggests.  In Fleckenstein, a professional football player sued the author of an article who had accused the football player of unnecessary roughness, citing several specific types of unnecessarily aggressive conduct.  The author's substantial truth defense was based on different, but similarly unnecessary, types of aggressive conduct on the football field.  It was not based on conduct that

was abhorrent generally or physically aggressive conduct in other circumstances.

I conclude that HBO's interpretation of the substantial truth defense is too broad. The segment in issue focused exclusively on the use of child labor in India and Pakistan. As the passage quoted at page 5 above demonstrates, the reporter responsible for the story expressly declined an invitation to describe the conditions depicted in the segment as part of a larger problem that existed in other parts of Asia or other parts of the world. There was no suggestion whatsoever that the conditions depicted in the segment were merely exemplary of a broader problem. Given that the segment focused exclusively on conditions in India and Pakistan, the nature of plaintiff's operations in China, if any, cannot render the segment's depictions of alleged conditions in India substantially true.

I also deny the application on the ground that the expansion of discovery sought by HBO would be unnecessarily burdensome and would needlessly prolong this litigation. Discovery in China would be extraordinarily expensive and burdensome. Discovery in China could only be conducted pursuant to the Hague Convention which, in practice, is extremely expensive and time consuming. In addition, there is no reason to believe that there is evidence that would materially alter the record in this matter. HBO has not offered a scintilla of evidence suggesting

that Mitre is using child labor in China. Given the fact that HBO admits that the depositions recently conducted in India supports its truthfulness defense, there is no need to conduct discovery in China. Although "good cause" is not ordinarily a condition precedent to a party's right to conduct discovery, where, as here, the parties have already been engaged in discovery for well over a year, there is testimony from third-party witnesses that allegedly supports defendant's version of the events and the discovery sought is, literally, half a world away, it is appropriate for the court to weigh the probable incremental benefit of the additional discovery sought against the burden the discovery would impose on the parties. Fed.R.Civ.P. 26(b)(2)(C)(iii). I conclude that expanding the scope of discovery to include Mitre's manufacturing procedures in China, if any, will definitely result in substantial additional burden while there is no indication of any countervailing benefit.

Accordingly, HBO's application to expand the scope of discovery to include Mitre's manufacturing activities in China, if any, is denied.

Dated:  New York, New York
        April 15, 2010

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

Lloyd E. Constantine, Esq.
Constantine Cannon PC
450 Lexington Avenue
New York, New York 10017

Slade R. Metcalf, Esq.
Hogan & Hartson LLP
875 Third Avenue
New York, New York 10022