```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

MITRE SPORTS INTERNATIONAL         :
LIMITED,
                                   :   08 Civ. 9117 (GBD)(HBP)
               Plaintiff,
                                   :   MEMORANDUM OPINION
     -against-                         AND ORDER
                                   :
HOME BOX OFFICE, INC.
                                   :
               Defendant.
                                   :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

By notice of motion dated May 14, 2010, non-party Liliana Parodi-Huml moves for a protective order quashing the deposition subpoena served on her in this matter on April 2, 2010. For the reasons set forth below, the motion is granted in part and denied in part.

The principal basis on which Ms Parodi-Huml seeks to quash the subpoena is her claimed lack of relevant knowledge. Although defendant cites a handful of documents which suggest that Ms. Parodi-Huml may have some relevant knowledge, its showing is ambiguous.

I confronted an almost-identical issue in <u>Bouchard v. New York Archdiocese</u>, 04 Civ. 9978 (CSH), 2007 WL 2728666 (S.D.N.Y. Sept. 19, 2007) in which a non-party witness -- Cardi-

nal Edward Egan -- sought a protective order in an assault case, claiming that he had no knowledge of the relevant events. In that matter, I resolved the conflicting interests by provisionally precluding the oral examination of Cardinal Egan but permitting plaintiff to probe his claim of lack of knowledge through a deposition on written questions:

> However, I believe that the issuance of a broad protective order precluding any discovery from Cardinal Egan goes too far. Given the fact that knowledge is frequently proved circumstantially, precluding all discovery of a highly placed business, government or clerical official based solely on their unchallenged denial of knowledge sets the bar for a protective order too low. As the authorities cited above demonstrate, parties to an action are ordinarily entitled to test a claim by a potential witness that he has no knowledge. [See Consolidated Rail Corp. v. Primary Indus. Corp., 92 Civ. 4927 (PNL), 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993) (Francis, M.J.), citing Amherst Leasing Corp. v. Emhart Corp., 65 F.R.D. 121, 122 (D. Conn. 1974).]
>
> I believe the conflicting interests are appropriately balanced here by permitting plaintiff to depose Cardinal Egan by written questions in the first instance. See Fed.R.Civ.P. 31. This vehicle will permit a limited probing of Cardinal Egan's statements, minimize the temporal burden of the examination and ensure that the deposition will not be used as a vehicle to embarrass or harass Cardinal Egan. Plaintiff may serve up to 25 questions on Cardinal Egan concerning the claims and defenses in this matter. Cardinal Egan shall have 21 days to respond to those questions; in responding to the questions, Cardinal Egan may assert any objection that could be asserted in response to an interrogatory except an objection based on Local Civil Rule 33.3. Subparts of questions will count against the numerical limit as will improper question to which valid objection is made. My Order is without prejudice

>         to a further application to depose Cardinal Egan by
>         oral examination if his answers to plaintiff's written
>         questions demonstrate that there is some valid basis
>         for an oral examination.

My decision in Bouchard was affirmed by the Honorable Charles S. Haight, United States District Judge.  Bouchard v. New York Archdiocese, 04 Civ. 9978, 2007 WL 4563492 (S.D.N.Y. Dec. 18, 2007).

I conclude that the procedure that I adopted in Bouchard should be followed here.  Although I appreciate that Ms. Parodi-Huml is not a highly placed business or religious executive, that fact is a distinction without a difference.  There is no basis to conclude that a litigant has any more right to waste the time of an average citizen than it has to waste the time of a captain of industry or a religious leader; the depiction of justice as a blind-folded individual should not be an empty symbol.

Accordingly, defendant may serve up to 25 questions on Ms. Parodi-Huml concerning the claims and defenses in this matter.  Ms. Parodi-Huml shall have 21 days to respond to those questions; in responding to the questions, Ms. Parodi-Huml may assert any objection that could be asserted in response to an interrogatory except an objection based on Local Civil Rule 33.3.  Subparts of questions will count against the numerical limit as

will improper question to which valid objection is made. My Order is without prejudice to a further application to depose Ms. Parodi-Huml by oral examination if her answers to defendant's written questions demonstrate that there is some valid basis for an oral examination.

Dated: New York, New York
       June 23, 2010

                                    SO ORDERED

                                    HENRY PITMAN
                                    United States Magistrate Judge

Copies transmitted to:

Lloyd E. Constantine, Esq.
Constantine Cannon PC
450 Lexington Avenue
New York, New York  10017

Slade R. Metcalf, Esq.
Hogan Lovells US LLP
875 Third Avenue
New York, New York  10022