UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

                                                    :
MITRE SPORTS INTERNATIONAL LIMITED,                 :
                                                    :
            Plaintiff,                              :   Case No.: 08 CIV 9117 (GBD)(HBP)
                                                    :
            -against-                               :
                                                    :
HOME BOX OFFICE, INC.,                              :
                                                    :
            Defendant.                              :
                                                    :
------------------------------------------------------------------X

### DECLARATION OF R. BRIAN BLACK IN SUPPORT OF THE MOTION OF HOME BOX OFFICE, INC. FOR SUMMARY JUDGMENT

I, **R. BRIAN BLACK**, declare as follows:

1.     I am a partner in the law firm of Hogan Lovells US LLP, counsel for defendant Home Box Office, Inc. ("HBO").  I submit this Declaration in support of HBO's motion for summary judgment as it relates to the damages claimed by plaintiff Mitre Sports International Limited ("Mitre") pursuant to Rule 56 of the Federal Rules of Civil Procedure.

**Fact Discovery**

2.     A true and correct copy of Mitre's February 13, 2009 Initial Disclosures is annexed as Exhibit 1.

3.     A true and correct copy of Mitre's March 6, 2009 Responses and Objections to HBO's First Set of Interrogatories to Plaintiff is annexed as Exhibit 2.

4.     A true and correct copy of an August 21, 2008 e-mail regarding "Mitre programs," produced by Regent Sports Corp. ("Regent"), one of Mitre's licensees in the United States, and numbered REG-00012163-65 is annexed as Exhibit 3.  Nearly a month before the Segment premiered, Regent anticipated that its excess inventory of Mitre-branded goods for sale

to Wal-Mart would have a "catastrophic" financial impact on the company.  *Id.* at REG-00012164.

5.      On May 6, 2010, HBO deposed David Breed, the designated 30(b)(6) representative of Wal-Mart Stores, Inc.  A true and correct copy of relevant pages from the transcript of Mr. Breed's deposition is annexed as Exhibit 4.

6.      On June 22, 2010, HBO deposed Ingram Pope, the Executive Vice President and Regent's designated 30(b)(6) representative.  A true and correct copy of relevant pages from the transcript of Mr. Pope's deposition is annexed as Exhibit 5.

7.      On July 22, 2010, HBO deposed Gary Hibbert, Mitre's 30(b)(6) representative on damages.  A true and correct copy of the transcript of Mr. Hibbert's deposition is annexed as Exhibit 6.

8.      On October 26, 2010, HBO deposed Darren Grill, Regent's Vice President of Finance.  A true and correct copy of relevant pages from the transcript of Mr. Grill's deposition is annexed as Exhibit 7.

**A.      Discovery of the United Kingdom Entities**

9.      After Mr. Hibbert's July 22, 2010 deposition, on August 17, 2010, HBO served Mitre with its Second Set of Interrogatories, requesting that Mitre identify *all* of the entities with whom Mitre had a business relationship or prospective business relationship that was allegedly damaged as a result of the Segment, as well as contact information of the individual or individual at those entities with the most knowledge regarding the relationship or prospective business relationship.  A true and correct copy of HBO's Second Set of Interrogatories is annexed as Exhibit 8.

10.     By declaration of Mr. Hibbert dated August 24, 2010 (the "Hibbert Declaration"), Mitre provided some names at the companies with whom Mitre had a relationship or prospective business relationship, but no contact information.   A true and correct copy of the Hibbert Declaration is annexed as Exhibit 9.

11.     In Mitre's September 16, 2010 Responses and Objections to HBO's Second Set of Interrogatories, Mitre referred HBO to Mr. Hibbert's 30(b)(6) testimony and the Hibbert Declaration.  A true and correct copy of Mitre's September 16, 2010 Responses is annexed as Exhibit 10.

12.     At a conference held on October 12, 2010, Judge Pitman ordered Mitre to supplement its September 16, 2010 Responses by the end of the next day to include contact information for the companies, notwithstanding Mitre's objection that the contact information is available on the Internet.  A true and correct copy of relevant pages from the October 12, 2010 conference is annexed as Exhibit 11.

13.     A true and correct copy of Mitre's October 13, 2010 Amended Responses and Objections to HBO's Second Interrogatory Responses is annexed as Exhibit 12.  In its October 13 Responses, Mitre identified 28 entities, 25 of which were located in the United Kingdom.

14.     On October 18, 2010, HBO submitted a draft letter of request addressed to the United Kingdom to be signed by Judge Pitman.  On October 22, Judge Pitman executed the letter of request.

15.     On November 5, 2010, HBO submitted the letter of request to the Senior Master at the Royal Courts of Justice in London, along with a witness statement explaining the need for the evidence sought, and requested that the Court in London issue orders compelling the

appearance of the witnesses named in the letter of request.  On November 12, 2010, the Court in London issued a set of orders.

16.　　Over the next few weeks, HBO obtained evidence from the United Kingdom entities listed in the Mitre's October 13 Responses.  Specifically, HBO obtained the following:

a.　the Declaration of Albert Donald Rowing on behalf of Barnsley Football Club, dated November 26, 2010 (a true and correct copy is annexed as Exhibit 13);

b.　the Declaration of Alexa Stockham on behalf of Birmingham City Football Club, dated November 22, 2010 (a true and correct copy is annexed as Exhibit 14);

c.　the Declaration of Paul John Fletcher on behalf of Burnley Football Club, dated November 26, 2010 (a true and correct copy is annexed as Exhibit 15);

d.　the Declaration of Gethin Rhys Jenkins on behalf of Cardiff City Football Club, dated November 29, 2010 (a true and correct copy is annexed as Exhibit 16);

e.　the Declaration of John Lee Nixon on behalf of Carlisle United Football Club, dated November 27, 2010 (a true and correct copy is annexed as Exhibit 17);

f.　the Declaration of Stephen Kavanagh on behalf of Charlton Athletic Football Club, dated November 26, 2010 (a true and correct copy is annexed as Exhibit 18);

g.　the Declaration of Phil Alexander on behalf of Crystal Palace Football Club, dated November 29, 2010 (a true and correct copy is annexed as Exhibit 19);

h.　the Declaration of Paul Damian Philip Scally on behalf of Gillingham Football Club, dated November 26, 2010 (a true and correct copy is annexed as Exhibit 20);

i.   the Declaration of David Smith on behalf of Grimsby Town Football Club, dated November 30, 2010 (a true and correct copy is annexed as Exhibit 21);

j.   the Declaration of Sean Jarvis on behalf of Huddersfield Town Football Club, dated November 29, 2010 (a true and correct copy is annexed as Exhibit 22);

k.   the Declaration of Simon Clegg on behalf of Ipswich Town Football Club, dated November 30, 2010 (a true and correct copy is annexed as Exhibit 23);

l.   the Declaration of John Irving on behalf of Newcastle United Football Company, dated November 26, 2010 (a true and correct copy is annexed as Exhibit 24);

m.  the Declaration of John Pelling on behalf of Nottingham Forest Football Club, dated November 26, 2010 (a true and correct copy is annexed as Exhibit 25);

n.   the Declaration of Andy Budge on behalf of Plymouth Argyle Football Club, dated November 2010 (a true and correct copy is annexed as Exhibit 26);

o.   the Declaration of David Lampitt on behalf of Portsmouth Football Club, dated November 29, 2010 (a true and correct copy is annexed as Exhibit 27);

p.   the Declaration of A. Nicholas Parker on behalf of Sheffield Wednesday Football Club, dated November 26, 2010 (a true and correct copy is annexed as Exhibit 28);

q.   the Declaration of Julian Winter on behalf of Watford Football Club, dated November 29, 2010 (a true and correct copy is annexed as Exhibit 29);

r.   the Declaration of Mark Jenkins on behalf of West Bromwich Albion Football Club, dated November 24, 2010 (a true and correct copy is annexed as Exhibit 30);

s.   the Declaration of Martin Ashby on behalf of Findel Education Limited, dated November 24, 2010 (a true and correct copy is annexed as Exhibit 31);

t.   the Declaration of John Maude on behalf of Maudesport Ltd., dated December 2010 (a true and correct copy is annexed as Exhibit 32);

u.   the Declaration of Frank Newitt on behalf of Newitt & Co. Ltd., dated December 7, 2010 (a true and correct copy is annexed as Exhibit 33);

v.   the Declaration of Jon Biddle on behalf of J Sainsbury plc, dated November 26, 2010 (a true and correct copy is annexed as Exhibit 34);

w.   the Declaration of Peter Masters on behalf of J Sainsbury plc, dated November 26, 2010 (a true and correct copy is annexed as Exhibit 35); and

x.   the Declaration of Peter Groves on behalf of Tesco plc, dated November 22, 2010 (a true and correct copy is annexed as Exhibit 36).

17.   HBO also took the deposition of Stewart Thomson, representative of the English Football League, on December 6, 2010. A true and correct copy of relevant pages from that deposition is annexed as Exhibit 37.

**B.   Documents Regarding the Regent Royalty Refund**

18.   In response to testimony at Mr. Hibbert's July 22, 2010 deposition, HBO sent an August 11, 2010 letter requesting that Mitre produce, among many other things, all documents concerning Mr. Hibbert's testimony that Mitre paid back royalties to Regent when Wal-Mart returned 150,000 soccer balls to Regent. A true and correct copy of HBO's August 11, 2010 letter is annexed as Exhibit 38.

19.    On August 30, 2010, Mitre produced additional documents responsive to the various requests in HBO's August 11 letter.  A true and correct copy of Mitre's August 30, 2010 cover letter that accompanied the document production is annexed as Exhibit 39.

20.    The only document in Mitre's August 30 production that was not responsive to other requests in HBO's August 11 letter was production numbered MIT00399199 and titled "Regent Sport payment reconciliation."  On October 22, 2010, HBO sent another letter to Mitre requesting that Mitre identify which entry on that document, if any, demonstrated that Mitre returned to Regent the royalty paid on the 150,000 Cobra balls.  A true and correct copy of HBO's October 22, 2010 letter is annexed as Exhibit 40.

21.    On November 15, 2010, Mitre sent HBO an e-mail confirming that "None of the entries listed on the document bearing the production Bates number MIT00399199 relates to the 150,000 soccer balls returned by Wal-Mart."  A true and correct copy of Mitre's November 15, 2010 e-mail is annexed as Exhibit 41.

## C.    Other Discovery

22.    HBO obtained a declaration from Greg Willenbrink, on behalf of Elan-Polo, Inc., dated November 18, 2010 (a true and correct copy is annexed as Exhibit 42).

23.    HBO obtained a declaration from Roger Kitch on behalf of Modell's Sporting Goods, Inc., dated December 10, 2010 (a true and correct copy is annexed as Exhibit 43).

24.    Pursuant to Judge Pitman's order dated September 23, 2010, fact discovery ended on December 15, 2010.  A true and correct copy of the September 23, 2010 order is annexed as Exhibit 44.

**Expert Discovery**

25.    On January 18, 2011, Mitre submitted the expert report of Laura B. Stamm.  A true and correct copy of Ms. Stamm's expert report is annexed as Exhibit 45.

26.    On March 4, 2011, Mitre produced a revised Exhibit 2 to the Ms. Stamm's expert report.  A true and correct copy of the revised Exhibit 2 is annexed as Exhibit 46.

27.    On March 8, 2011, HBO deposed Ms. Stamm.  A true and correct copy of the relevant pages from the transcript of Ms. Stamm's deposition is annexed as Exhibit 47.


I declare under penalty of perjury that the foregoing is true and correct.  Executed in New York, New York on April 12, 2011.

R. BRIAN BLACK