UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MITRE SPORTS INTERNATIONAL LIMITED,

        Plaintiff,

-against-

HOME BOX OFFICE, INC.,

        Defendant.

---

ECF

Case No. 08 CIV 9117 (GBD)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF HEARST CORPORATION, ABC, INC., ADVANCE PUBLICATIONS, INC., A&E TELEVISION NETWORKS, LLC, THE ASSOCIATED PRESS, CBS BROADCASTING, INC., THE DAILY BEAST COMPANY LLC, DAILY NEWS, L.P., DOW JONES & COMPANY, INC., THE E.W. SCRIPPS COMPANY, FIRST LOOK MEDIA, INC., FOX NEWS NETWORK, LLC, GANNETT CO., INC., GAWKER MEDIA, GUARDIAN US, MEDIANEWS GROUP, INC., D/B/A DIGITAL FIRST MEDIA, MEREDITH CORPORATION, NATIONAL PUBLIC RADIO, INC., NBCUNIVERSAL MEDIA, LLC, NEWS CORPORATION, THE NEW YORK TIMES COMPANY, NORTH JERSEY MEDIA GROUP INC., NYP HOLDINGS, INC., THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS, REUTERS AMERICA LLC, TRIBUNE COMPANY, AND VICE MEDIA, INC. FOR LEAVE TO FILE MEMORANDUM AS <u>AMICI CURIAE</u>**

        Jonathan R. Donnellan
        Kristina E. Findikyan
        Hearst Corporation
        Office of General Counsel
        300 W. 57th Street, 40th Floor
        New York, New York 10019
        Tel: (212) 841-7000
        Fax: (212) 554-7000
        Email: jdonnellan@hearst.com

        *Attorneys for Amici Curiae Media Organizations;*
        *Additional Counsel Listed Herein*

- i -

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*C&A Carbone, Inc. v. County of Rockland, N.Y.*,
  No. 08-cv-6459-ER, 2014 WL 1202699 (S.D.N.Y. Mar. 24, 2014) ........................................2

*Concerned Area Residents for the Env't v. Southview Farm*,
  834 F. Supp. 1410 (W.D.N.Y. 1993) ...................................................................................2

*New York Times Co. v. Sullivan*,
  376 U.S. 254 (1964) ............................................................................................................1

**Statutes**

28 U.S.C. § 1292(b) ........................................................................................................................1

The 27 press and media organizations listed in addendum A (hereinafter, "Media *Amici*")[1] respectfully move for leave to file the *amicus* Memorandum of Law annexed as Exhibit A to the Declaration of Kristina E. Findikyan, in support of defendant Home Box Office, Inc.'s motion for certification pursuant to 28 U.S.C. § 1292(b) of this Court's May 16, 2014 Memorandum Decision and Order (ECF No. 298).  Defendant Home Box Office, Inc. consents to the filing of Media Amici's Memorandum of Law.  Plaintiff Mitre opposes it.

## **INTERESTS OF MEDIA *AMICI***

Media *Amici* are 27 leading news organizations and a trade organization whose journalists gather and disseminate news and information across the country, including in New York and the Second Circuit.  For fifty years since the Supreme Court's seminal decision *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), Media *Amici* and their journalists have been afforded significant First Amendment protection in reporting about public officials and public figures.

This Court's ruling that Mitre is a private figure, which Media *Amici* respectfully submit is a marked departure from well-established law and the widespread understanding of journalists and media lawyers of what constitutes a public figure, has sown uncertainty about the application of the actual malice standard to news stories of great public importance involving companies that are household names, leaders in their industries, and central players in the resolution of those public issues.

As major media organizations, Media *Amici* are uniquely situated to highlight the immediate impact of this Court's ruling on how journalists, and particularly investigative and

---

[1] Corporate disclosure statements for each *amicus* are set forth in an addendum to this brief.

financial journalists who have covered corporate abuse and misconduct by some of the world's largest and most powerful institutions here in this District, could well be impeded in publishing information on matters of significant public importance and interest.

## ARGUMENT

### MEDIA *AMICI*'S MOTION FOR LEAVE TO FILE A MEMORANDUM OF LAW AS *AMICI CURIAE* SHOULD BE GRANTED

A district court has "'firm discretion'" to allow an *amicus* brief. *C&A Carbone, Inc. v. County of Rockland, N.Y.*, No. 08-cv-6459-ER, 2014 WL 1202699, at *3 (S.D.N.Y. Mar. 24, 2014) (quoting *Lehman XS Trust, Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12 CIV. 7935 ALC, 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014) (citation omitted); *see also Concerned Area Residents for the Env't v. Southview Farm*, 834 F. Supp. 1410, 1413 (W.D.N.Y. 1993) ("District courts have broad discretion in deciding whether to accept *amicus* briefs."). An *amicus* brief should be allowed when "'the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *C&A Carbone*, 2014 WL 1202699, at *3-4 (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (citations omitted)).

Media *Amici*'s perspective on the Order's potential impact as set forth in the accompanying memorandum is outside the four corners of this case and beyond the arguments set forth by the parties. The Order's departure from well-established public figure jurisprudence threatens to have a significant effect on journalists here in New York whose coverage of corporate misconduct, insider trading and Wall Street schemes have been some of the biggest stories of our time.

## CONCLUSION

For these reasons, Media *Amici* respectfully request that this Court grant their motion for leave to file the *amicus* memorandum of law attached as Exhibit A to the Findikyan Declaration.

Respectfully submitted,

Dated: June 2, 2014

　　　/s/ Jonathan R. Donnellan　　　

Jonathan R. Donnellan
Kristina E. Findikyan
Hearst Corporation
Office of General Counsel

*Attorneys for Amici Curiae Media Organizations*

John W. Zucker
Indira Satyendra
Townsend Davis
77 West 66th Street
New York, NY 10023
*Counsel for ABC, Inc.*

Richard A. Bernstein
4 Times Square
New York, NY 10036
*Counsel for Advance Publications, Inc.*

Darci J. Bailey
235 East 45th Street
New York, NY 10017
*Counsel for A&E Television Networks, LLC*

Karen Kaiser
450 West 33rd Street
New York, NY  10001
*Counsel for The Associated Press*

Anthony M. Bongiorno
51 West 52nd Street
New York, NY 10019
*Counsel for CBS Broadcasting, Inc.*

- 4 -

Andrew Goldberg
555 West 18th Street
New York, NY 10011
*Counsel for The Daily Beast Company LLC*

Matthew Leish
4 New York Plaza
New York, NY 10004
*Counsel for Daily News, LP*

Mark H. Jackson
Jason P. Conti
Jacob P. Goldstein.
1211 Avenue of the Americas
New York, NY 10036
*Counsel for Dow Jones & Company, Inc.*

David M. Giles
312 Walnut Street, Suite 2800
Washington DC 45202
*Counsel for The E.W. Scripps Company*

Lynn Oberlander
162 Fifth Avenue
8th Floor
New York, NY 10010
*Counsel for First Look Media, Inc.*

Diane Brandi
1211 Avenue of the Americas
New York, NY 10036
*Counsel for Fox News Network*

Barbara W. Wall
7950 Jones Branch Drive
McLean, VA  22107
*Counsel for Gannett Co., Inc.*

Heather L. Dietrick
210 Elizabeth Street
New York, NY 10012
*Counsel for Gawker Media*

- 5 -

David S. Bralow
5 Hanover Square 25th Floor
New York, NY 10005
*Counsel for MediaNews Group, Inc. d/b/a Digital First Media*

Katherine Surprenant
805 Third Avenue
New York, NY 10022
*Counsel for Meredith Corporation*

Greg Lewis
Denise Leary
Ashley Messenger
1111 North Capitol St. NE
Washington DC 20002
*Counsel for National Public Radio, Inc.*

Susan Weiner
30 Rockefeller Plaza
New York, NY 10112
*Counsel for NBC Universal Media, LLC*

Mark H. Jackson
1211 Avenue of the Americas
New York, NY 10036
*Counsel for News Corporation*

Fabio B. Bertoni
4 Times Square
New York, NY 10036-7441
*Counsel for The New Yorker*

David McCraw
620 8th Avenue
New York, NY 10018
*Counsel for The New York Times Company*

Jennifer A. Borg
1 Garret Mountain Plaza
Woodland Park, NJ 07424
*Counsel for North Jersey Media Group Inc.*

Eugenie C. Gavenchak
1211 Avenue of the Americas
New York, NY 10036
*Counsel for NYP Holdings, Inc.*

- 6 -

Bruce D. Brown
Gregg P. Leslie
1101 Wilson Blvd., Suite 1100
Arlington, VA 22209
*Counsel for The Reporters Committee for Freedom of the Press*

Katharine Larsen
3 Times Square
New York, NY 10036
*Counsel for Reuters America, LLC*

Karen H. Flax
Jeffrey Glasser
435 North Michigan Ave.
Chicago, IL  60611
*Counsel for The Tribune Company*

Jonathan Lutzky
97 North 10th St.
Brooklyn, NY 11211
*Counsel for Vice Media, Inc.*

## ADDENDUM A

**ABC, Inc.** has the following publicly held corporate parent: The Walt Disney Company.

**Advance Publications, Inc.** has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

**A&E Television Networks, LLC ("AETN")** is a Delaware LLC and is owned by Hearst Communications, Inc., Disney/ABC International Television, Inc., and NBC A&E Holding, Inc.

The **Associated Press** is a nonprofit news cooperative. AP has no parent corporation and no publicly held corporation owns 10% or more of its stock.

**CBS Broadcasting Inc.** is a wholly-owned subsidiary of CBS Corporation, which is a publicly-traded company.

**The Daily Beast Company LLC** certifies that the Sidney Harman Trust and TDB Holdings, Inc. are the parents of The Daily Beast. TDB Holdings, Inc. is a subsidiary of IAC/lnterActiveCorp ("lAC"), a publicly traded company. lAC holds a controlling interest in The Daily Beast.

**Daily News, L.P.** is a limited partnership, the general partner of which is New DN Company, a privately-held corporation. No publicly-held corporation holds an interest of 10% or more in Daily News, L.P.

**Dow Jones & Company, Inc.** is a Delaware corporation with its principal place of business in New York. News Corporation, a publicly held company, is the indirect parent corporation of Dow Jones. Ruby Newco, LLC, a subsidiary of News Corporation and a non-publicly held company, is the direct parent of Dow Jones. No publicly held company directly owns 10% or more of the stock of Dow Jones.

**The E.W. Scripps Company** has no parent company and no publicly held corporation owned 10% or more of its stock.

**First Look Media, Inc.** is a non-profit non-stock corporation organized under the laws of Delaware. No publicly-held corporation holds an interest of 10% or more in First Look Media, Inc.

**Fox News Network, LLC** is wholly owned by Fox Television Stations, Inc., which is wholly owned by the publicly traded Twenty-First Century Fox, Inc. No other publicly held corporation owns ten percent or more of Fox News.

**Gannett Co., Inc.** has no parent corporation and no publicly-held company owns 10% or more of Gannett stock.

The privately held **Gawker Media** is wholly owned by privately held Gawker Media Group, Inc. No publicly-held corporation holds an interest of 10% or more in Gawker Media.

- 8 -

**Guardian US** is a privately held company that has no publicly traded parents, subsidiaries or affiliates, and no publicly traded company owns 5% or more of its parent.

**Hearst Corporation** is privately held and no publicly held corporation owns 10% or more of Hearst Corporation.

There is no publicly traded entity has more than 10 percent of **MediaNews Group, Inc., d/b/a Digital First Media** stock.

**Meredith Corporation** is a publicly held corporation, with no parent company.

**National Public Radio, Inc.** is a privately supported, not-for-profit membership organization that has no parent company and issues no stock.

**NBCUniversal Media, LLC** is indirectly owned by Comcast Corporation, a publicly held corporation.

**News Corporation** has no parent company and no publicly held company owns 10% or more of its shares.

**The New York Times Company** has no parent company and no publicly held corporation owns 10 percent or more of its stock. None of its affiliates has any publicly traded parent except The New York Times Company.

**North Jersey Media Group Inc. ("NJMG")** is a privately held company owned solely by Macromedia Incorporated, also a privately held company.

**NYP Holdings, Inc**. is a Delaware corporation, with its principal place of business in New York, and is the publisher of the New York Post. News Corporation, a publicly held company, is the parent of NYP Holdings, Inc.  News Corporation has no parent company and no publicly held company owns 10 percent or more of its shares.

**The Reporters Committee for Freedom of the Press** is an unincorporated association of reporters and editors with no parent corporation and no stock.

**Reuters America LLC** is an indirect wholly owned subsidiary of Thomson Reuters Corporation, a publicly held company.  No publicly held company holds 10% or more of the stock of Thomson Reuters Corporation.

**Tribune Company** is privately owned and has no parent company

**Vice Media Inc.** is a corporation registered in the State of Delaware.  Vice Media Inc. certifies that Vice Holding Inc., a privately-held corporation registered in the State of Delaware, is its parent company and no public company holds more than 10% of Vice Holding, Inc.

- 9 -

## CERTIFICATE OF SERVICE

      I hereby certify that I have caused a true and correct copy of the foregoing to be served on all counsel of record, this 2nd day of June, 2014, by operation of the Court's CM/ECF electronic filing system.

                                        /s/ Kristina E. Findikyan
                                          Kristina E. Findikyan