# CONSTANTINE CANNON LLP

**Ankur Kapoor**
212-350-2748
akapoor@constantinecannon.com

NEW YORK | WASHINGTON | LONDON

November 5, 2014

**BY ECF & HAND DELIVERY**

The Honorable George B. Daniels
The Honorable Henry B. Pitman
U.S. District Court for the
  Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Mitre Sports International Limited v. Home Box Office, Inc.*, No. 08-CIV-9117

Dear Judge Daniels and Judge Pitman:

I write on behalf of Mitre Sports International Limited ("Mitre") in response to today's letter from Mr. Thomas G. Hentoff to the Court on behalf of Home Box Office, Inc. ("HBO") concerning Mitre's pending motions.

First, Mitre's Motion to Preclude HBO from Relying on Certain "Information" (ECF No. 196) ("Mitre's Preclusion Motion") was not rendered moot by the Court's summary-judgment rulings. Mitre's Preclusion Motion did not limit its requested relief to HBO's use of certain information on summary judgment; Mitre made the motion at the time of summary-judgment briefing because that was when HBO sought to rely on the information. For example, HBO sought to rely on claimed sources of information whom HBO had failed to disclose—and indeed sources whom HBO had digitally obscured from its raw footage under cover of the New York Shield Law. HBO thereby flouted the Court's order, issued two years before summary-judgment briefing, that HBO would not be allowed to rely on sources whom Mitre would not have had the opportunity to cross-examine because HBO had shielded them from Mitre's examination:

> THE COURT: I'm going to tell you [HBO] right now, you are not going to rely on the confidential sources that you are not going to give them an opportunity to test. I'm going to tell you that right now. I don't need any more briefing on that. I'm not going to allow you to do that. You can't say that I'm not going to tell them who these people are, but I'm going to have some unfaced, you know, unnamed, no-face people testify, play a tape before the jury and argue that, while we spoke to these people, and you don't know who they are, and the other side doesn't know who they are, that we are going to tell you that it was reasonable for us to rely on them.

CONSTANTINE CANNON LLP

NEW YORK | WASHINGTON | LONDON

November 5, 2014
Page 2

Mar. 17, 2009 Hr'g Tr. 32:9-19 (Ex. A attached hereto). The Court's ruling applies to the trial of this matter, and has been the law of the case for well over five years.

Nor is supplemental briefing required. The parties fully briefed the motion in 2011, which itself should not have been necessary because, as the Court stated in 2009, it would not "need any more briefing on that."[1] If HBO wishes to avoid the Court's expenditure of resources in resolving this issue, the proper course is for HBO to affirm that it will not continue to seek to disregard the Court's correct ruling that a party cannot rely on a source whom it shields from cross-examination. While that may be permissible in the court of public acclaim, it is not permissible in a court of law.

Second, with respect to the format of the video-recorded, foreign-language testimony taken in this matter, Mitre agrees with Mr. Hentoff's sensible approach that the parties meet and confer to try to agree on a format. Mitre had reached out to HBO's former counsel two years ago to do precisely that. Only when HBO's prior counsel refused did Mitre raise the issue with the Court.

Finally, with respect to Mitre's motions pending before Judge Pitman, Mitre agrees with HBO that the motions are fully briefed.

Respectfully submitted,

/s/ Ankur Kapoor

Constantine Cannon LLP
*Counsel for Mitre Sports International Limited*

---

[1] Although there is also no need for oral argument on this issue or the others in Mitre's Preclusion Motion, Mitre does not object to HBO's right to be heard in Court.

295237.1

# Exhibit A

3-17-09 Conference.txt

1

```
            93h0mitc
 1     UNITED STATES DISTRICT COURT
 1     SOUTHERN DISTRICT OF NEW YORK
 2     ------------------------------x
 2
 3     MITRE SPORTS INTERNATIONAL,
 3
 4                    Plaintiff,
 4
 5              v.                            08 CV 9117
 5
 6     HOME BOX OFFICE, INC.,
 6
 7                    Defendant.
 7
 8     ------------------------------x
 8                                            New York, N.Y.
 9                                            March 17, 2009
 9                                            3:35 p.m.
10
10     Before:
11
11                    HON. GEORGE B. DANIELS,
12
12                                       District Judge
13
13                         APPEARANCES
14
14     LLOYD CONSTANTINE, ESQ.
15     JEAN KIM, ESQ.
15     JASON J. ENZLER, ESQ.
16     ROSS FISHER, ESQ.
16     ANKUR KAPOOR, ESQ.
17          Attorneys for Plaintiff
17
18     KATHERINE M. BOLGER, ESQ.
18     SLADE R. METCALF, ESQ.
19     STEPHANIE S. ABRUTYN, ESQ.
19          Attorneys for Defendant
20
21
22
23
24
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

2

```
       93h0mitc
 1              MR. CONSTANTINE:  Lloyd Constantine, for plaintiff.
 2     I'm joined by Ross Fisher, Jean Kim, Jason Enzler, Ankur
 3     Kapoor.  We will be joined also by Mr. Sam Rikkers.
 4              THE COURT:  Good morning.
 5              MR. CONSTANTINE:  Good morning, your Honor.  Happy
 6     Saint Patrick's Day.
 7              MS. BOLGER:  Katherine Bolger.  I'm joined this
 8     morning by Mr. Slade Metcalf, my partner at Hogan, and
 9     Stephanie Abrutyn in house counsel at HBO.
10              THE COURT:  Mr. Constantine, I'm prepared to sign your
11     proposed order.  I'll hear if you have any particular
12     objections to the order itself.
                                Page 1
```

```
                    3-17-09 Conference.txt
20      you're not going to be able to use it.
21              MS. BOLGER: I understand, your Honor. But there are
22      some cases that conclude that, I think there are others that go
23      the other way, but --
24              THE COURT: Well, there are not a whole bunch that go
25      the other way on these set of facts. You can't say that you
                          SOUTHERN DISTRICT REPORTERS, P.C.
                                   (212) 805-0300
                                                                            31

        93h0mitc
1       are not going to give them the information, and then you're
2       going to try to prove the truth of it by using the confidential
3       sources that they have not had an opportunity to --
4               MS. BOLGER: We are certainly not going to rely on the
5       identity of the confidential sources.
6               THE COURT: No, not the identity. You have to rely on
7       the identity if you want somebody to believe them, don't you?
8               MS. BOLGER: Well, I mean for our purposes, no, your.
9       This is -- in this case, we believe Mitre is a public figure.
10      The question of whether we acted -- that the HBO acted with
11      Constitutional malice in broadcasting the segment is relevant.
12      So, if, for example, the video showed certain information that
13      bolstered a source or lended credibility to our argument, I can
14      rely on the existence of the video to say, hey, we saw this
15      video, and this video made us believe it was true without
16      relying on identity of the people.
17              THE COURT: I'm going to rule on that right now.
18              If you intend to rely on that video, at all, for that
19      purpose, you are going to have to provide that video in the
20      form that it exists.
21              MS. BOLGER: We're happy to brief that, your Honor.
22              THE COURT: And you'll have to give them an
23      opportunity to either attempt to depose these people, or to
24      attempt to establish that what these people told you was not
25      true, and that you should have known in was not true.
                          SOUTHERN DISTRICT REPORTERS, P.C.
                                   (212) 805-0300
                                                                            32

        93h0mitc
1               MS. BOLGER: Your Honor, if this is a hypothetical
2       fight, we may not even get to this point. But if we do, we
3       would like the opportunity to brief it.
4               THE COURT: I didn't create the hypothetical fight,
5       you did. So you tell me what you want to do about it.
6               MS. BOLGER: If it comes to it, your Honor, we would
7       like the opportunity to brief whether we can rely on those
8       confidential sources.
9               THE COURT: I'm going to tell you right now, you are
10      not going to rely on the confidential sources that you are not
11      going to give them an opportunity to test. I'm going to tell
12      you that right now. I don't need any more briefing on that.
13      I'm not going to allow you to do that. You can't say that I'm
14      not going to tell them who these people are, but I'm going to
15      have some unfaced, you know, unnamed, no-face people testify,
16      play a tape before the jury and argue that, while we spoke to
17      these people, and you don't know who they are, and the other
18      side doesn't know who they are, that we are going to tell you
19      that it was reasonable for us to rely on them.
20              MS. BOLGER: Your Honor, I can tell you the video is a
21      background shot, there is no dialogue. There is not even any
22      sound. My point is that for our present purposes today, I
23      don't think we need to decide that issue. And, if you would
24      like, we can go back after this hearing and decide whether,
                                   Page 15
```

```
                            3-17-09 Conference.txt
25      indeed, we want to assert the privilege. But just in the
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                  (212) 805-0300
                                                                            33
        93h0mitc
 1      interest of full disclosure about what we will provide if your
 2      Honor signs that protective order, we'll provide absolutely
 3      everything except for -- and including the pixillated version
 4      of this scene. If, after, and you want to set a time limit, we
 5      decide we need to disclose these sources, we'll disclose them.
 6      But, as it is, your Honor, I can't make that decision right
 7      now. I would like the opportunity to either brief it or speak
 8      to my client more fully about whether we would assert that
 9      privilege. But all that is at issue is a very short section of
10      this enormous document production.
11              THE COURT: And you're only talking about not
12      disclosing their faces? Or you are talking about not
13      disclosing conversation on the video.
14              MS. BOLGER: The video has no sound, your Honor.
15              THE COURT: All right.
16              MS. BOLGER: So it is just video. So it would just be
17      pixillated faces. We would not be dubbing the sound after
18      taking sound out, there is no sound. So it would just be
19      pixillated faces. There is no dialogue I guess.
20              THE COURT: All right. Let me come back to that.
21      Mr. Constantine, what else do you want?
22              MR. CONSTANTINE: Your Honor, you have taken care of
23      most of what we came here for. I think both sides thank you.
24              We are down the just two issues. One is the -- who is
25      within the protective order. The purpose of a protective order
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                  (212) 805-0300
                                                                            34
        93h0mitc
 1      is to protect the information; both sides need protection. And
 2      we have to have a certain number of people within the
 3      protective order to be able to prosecute this action.
 4              Now, you indicated that, earlier, that we -- that the
 5      parties had not been able to make any progress prior to coming
 6      to Court. We actually -- we agreed on one thing. Initially,
 7      HBO has taken the position that you could not see some of this
 8      information. And after consultation -- after consultation with
 9      our opponents they said, okay, the judge can see it if you file
10      it under seal, so we made some progress.
11              THE COURT: That is not progress as far as I'm
12      concerned, because I don't want to see it, so that doesn't do
13      anything for me.
14              MR. CONSTANTINE: It was progress for me, your Honor.
15              But in any event, there are others that need to be
16      able to see this so that we can prosecute this action.
17              So, for example, we need to have the Indian
18      authorities get these names. We need to have the Courts in the
19      Punjab get these names. We need to have the Indian Ministry of
20      Law and Justice get these names.
21              We have counsel in India. And counsel in India is not
22      local counsel. They are counsel to Mitre in India. When,
23      ultimately, at the end of this process when a commission is
24      issued to take these examinations under oath, the commission is
25      going to be either issued to Indian counsel, or to me, or it
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                  (212) 805-0300
                                                                            35
        93h0mitc
                                    Page 16
```