# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

MITRE SPORTS INTERNATIONAL LIMITED,      :
                                         :
                          Plaintiff,     :      **No. 08-CIV-9117 (GBD)(HBP)**
                                         :
                                         :
                    v.                   :      **JOINT PRETRIAL ORDER**
                                         :
HOME BOX OFFICE, INC.,                   :
                                         :
                          Defendant.     :
-------------------------------------------------------------x


Lloyd Constantine
Robert L. Begleiter
Ankur Kapoor
Jean Kim
David Scupp
Matthew Vaccaro
**CONSTANTINE CANNON LLP**
335 Madison Avenue, 9th Floor
New York, New York 10017
Tel: (212) 350-2700
Fax: (212) 350-2701

Jason Enzler
**CONSTANTINE CANNON LLP**
1001 Pennsylvania Avenue, NW
Suite 1300 N
Washington, D.C. 20004
Tel: (202) 204-3500
Fax: (202) 204-3501

*Attorneys for Plaintiff Mitre Sports*
*International Limited*

Kevin T. Baine
Dane H. Butswinkas
Thomas G. Hentoff
Allison B. Jones
A. Joshua Podoll
Nicholas G. Gamse
Masha G. Hansford
**WILLIAMS & CONNOLLY LLP**
725 12th Street, NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029


Stephanie S. Abrutyn
Home Box Office, Inc.
1100 Avenue of the Americas
New York, New York 10036
Tel: (212) 512-5610

*Attorneys for Defendant*
*Home Box Office, Inc.*


Submitted: February 5, 2015

Plaintiff Mitre Sports International Limited ("Mitre") and defendant Home Box Office, Inc. ("HBO") respectfully submit this Joint Pretrial Order, pursuant to the Individual Rules and Practices of the Court.

## I.      **TRIAL COUNSEL**

**Mitre**:

Lloyd Constantine
Robert L. Begleiter
Ankur Kapoor
Jean Kim
David Scupp
Matthew Vaccaro
**CONSTANTINE CANNON LLP**
335 Madison Avenue, 9th Floor
New York, New York 10017
Tel: (212) 350-2700
Fax: (212) 350-2701

Jason Enzler
**CONSTANTINE CANNON LLP**
1001 Pennsylvania Avenue, NW
Suite 1300 N
Washington, D.C. 20004
Tel: (202) 204-3500
Fax: (202) 204-3501

**HBO**:

Kevin T. Baine
Dane H. Butswinkas
Thomas G. Hentoff
Allison B. Jones
A. Joshua Podoll
Nicholas G. Gamse
Masha G. Hansford
**WILLIAMS & CONNOLLY LLP**
725 12th Street, NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029

Stephanie S. Abrutyn
Home Box Office, Inc.
1100 Avenue of the Americas
New York, New York 10036
Tel: (212) 512-5610
Fax: (212) 512-5789

II.     **A BRIEF STATEMENT BY PLAINTIFF AS TO THE BASIS OF SUBJECT MATTER JURISDICTION, AND A BRIEF STATEMENT BY EACH OTHER PARTY AS TO THE PRESENCE OR ABSENCE OF SUBJECT MATTER JURISDICTION**

A.     **Statement by Mitre as to the basis of subject matter jurisdiction**

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§ 1332(a)(2) as Mitre is a citizen of the United Kingdom, HBO is a citizen of Delaware, and the

amount in controversy exceeds $75,000, exclusive of interest and costs.

B.     **Statement by HBO as to the presence or absence of subject matter jurisdiction**

HBO, which is incorporated in Delaware with its principal place of business in New

York, agrees that this Court has subject matter jurisdiction over this matter.

III.    **SUMMARY OF CLAIMS AND DEFENSES TO BE TRIED**

A.     **Mitre's summary**

HBO's telecast of the purported news segment "Children of Industry" on Episode #138

of the television program "Real Sports with Bryant Gumbel" (COI) consisted of multiple acts of

libel that separately and collectively defamed Mitre.  Among other libels, COI falsely portrayed

Mitre as using child slave labor, or turning a blind eye to others using child slave labor, in the

manufacture of Mitre soccer balls in Meerut, India, and falsely portrayed Mitre as hiring child

labor, or turning a blind eye to others hiring child labor, in the manufacture of Mitre soccer balls

in Jalandhar, India.  *See also* DX 0500 (Response to Interrogatory No. 1, Plaintiff Mitre's

Responses and Objections to Defendant's Fifth Set of Interrogatories, at 2-8 (Dec. 15, 2010)).

      For HBO's multiple acts of libel, Mitre seeks recovery for the following damages

incurred by Mitre:  (1) economic damages, also known as "special damages"; (2) reputational

damages for the harm to Mitre's reputation in the community, *see Wolf St. Supermarkets, Inc. v.

McPartland*, 108 A.D.2d 25, 32 (N.Y. App. Div. 1995) ("A corporation cannot suffer personal

humiliation or mental anguish but it can be actually damaged through injury to its reputation in

the community regardless of whether it can also demonstrate special damages."); (3) attorneys'

fees for Mitre's having to bring this lawsuit to defend its reputation and thereby mitigate its

economic and reputational damages, *see Metropolitan Opera Ass'n v. Local 100*, No.

00CIV3613LAP, 2005 WL 1712241, at **5-6 (S.D.N.Y. Jul. 19, 2005) ("Courts have

consistently found attorney's fees generated in the course of action that Plaintiff describes above

recoverable as mitigation damages."); and (4) punitive damages.

      **B.**    <u>**HBO's summary**</u>

      HBO contends that "Children of Industry" did not defame Mitre, was not false, was not

published in a grossly irresponsible manner, and did not cause any damage to Mitre.  HBO also

contends that there is no evidence to warrant an award of punitive damages.  In particular, HBO

maintains as follows:

      1.    <u>**Defamatory Meaning**</u>:  The HBO report did not state or imply that Mitre hired

child labor, or turned a blind eye to others hiring child labor, in the manufacture of Mitre soccer

balls in Jalandhar, India, nor did it state or imply that Mitre used child slave labor, or turned a

blind eye to others using child slave labor, in the manufacture of Mitre soccer balls in Meerut,

India.  More particularly, there is no reasonable basis upon which to conclude that HBO intended

to convey any of these meanings.  *See, e.g., Restatement (Second) of Torts* § 563 ("The meaning

of a communication is that which the recipient correctly, or mistakenly but reasonably,

understands that it was intended to express."); *Vinas v. Chubb Corp.*, 499 F. Supp. 2d 427, 437

(S.D.N.Y. 2007) (libel by implication).

These are the only defamatory meanings specified in Mitre's summary of its claims, and

there are no other defamatory meanings that were alleged in response to HBO's summary

judgment motion.  These are, therefore, the only defamatory meanings that may be submitted to

the jury.  Mitre cannot now make vague allegations of "other libels" to be tried.  Pursuant to Rule

16 and this Court's Individual Rules and Practices, a key purpose of the Joint Pretrial Order and

the Final Pretrial Conference is to set the claims and defenses that have been asserted and that

remain to be tried.  *See, e.g.*, *Fonar Corp. v. Magnetic Plus, Inc.*, 175 F.R.D. 53, 56 (S.D.N.Y.

1997) (observing that "the very purpose of the Joint Pretrial Order is to insure that all of the

issues that will be raised at trial have been made known to the court and to the opposing party");

*Mason Tenders Dist. Council v. Aurash Const. Corp.*, 2005 WL 2875333 at *3 (S.D.N.Y. Oct.

31, 2005) ("[T]he purpose of the final pretrial order is to sharpen, and hopefully narrow, the legal

and factual issues that will arise at trial." (internal quotations omitted)).

In addition, given the free-speech protection that both the federal and New York

constitutions give to accounts on matters of legitimate public concern, *see Flamm v. Am. Ass'n of

Univ. Women*, 201 F.3d 144, 148-49 (2d Cir. 2000), permitting vague allegations of "other

libels" at this stage creates the risk of jurors assessing liability for constitutionally protected

statements in the report that have not been contested by Mitre.  It would also risk impermissibly

inviting jurors to consider protected aspects of the report, including its overall tone or slant and

other editorial judgments.  *See, e.g.*, *Machleder v. Diaz,* 801 F.2d 46, 55 (2d Cir. 1986) ("A

court cannot substitute its judgment for that of the press by requiring the press to present an article or broadcast in what the court believes is a balanced manner."); *Sluys v. Gribetz*, 842 F. Supp. 764, 769-70 (S.D.N.Y. 1994); *Med-Sales Assocs., Inc. v. Lebhar-Friedman, Inc.*, 663 F. Supp. 908, 914 (S.D.N.Y. 1987) (noting that "editorial slant" does not give rise to liability because "the variety of angles in the press is exactly what creates the spirited debate that is the aim of the First Amendment").

2. **Of and Concerning:** The statements in the HBO report that refer to the hiring of children or the use of child slave labor were not "of and concerning" Mitre. *See, e.g., Chau v. Lewis*, 771 F.3d 118, 129 (2d Cir. 2014); *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 399 (2d Cir. 2006).

3. **Falsity/Substantial Truth/Opinion:** Mitre cannot meet its burden of proving that any allegedly defamatory statement or implication was materially false. *See, e.g., Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 776 (1986). To the contrary, the gist of what HBO said about Mitre was true, substantially true, or constituted an expression of subjective opinion that cannot be the basis of liability. *See, e.g., Celle v. Filipino Reporter Enterprises, Inc.*, 209 F.3d 163, 178 (2d Cir. 2000) (opinion); *Guccione v. Hustler Magazine, Inc.*, 800 F.2d 298, 302 (2d Cir. 1986) (substantial truth).

4. **Gross Irresponsibility:** Mitre cannot meet its burden of proving that HBO published false and defamatory statements about it "in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties." *Chapadeau v. Utica Observer-Dispatch, Inc.*, 38 N.Y.2d 196, 199, 379 N.Y.S.2d 61, 64 (1975); *Chaiken v. VV Pub. Corp.*, 907 F. Supp. 689, 698 (S.D.N.Y. 1995), *aff'd*, 119 F.3d 1018 (2d Cir. 1997) (libel by implication).

5

5.      **Damages:**  Mitre did not suffer any legally cognizable harm as a result of any allegedly false and defamatory statements made about it by HBO.  It has no "special damages," suffered no injury to its reputation, and cannot establish recoverable injury to reputation in the absence of provable economic loss.  It cannot recover its attorneys' fees in this action as an element of "mitigation damages."  In any event, it is precluded from asserting this claim by its failure to make timely and sufficient disclosures.  *See* Fed. R. Civ. P. 26(a)(1)(A)(iii), 37(c)(1). Mitre's claim for attorneys' fees will be the subject of a separate motion in limine.

6.      **Punitive Damages:**  There is no evidence to support an award of punitive damages under the First Amendment and the common law of New York.  Specifically, there is no evidence that HBO published the allegedly defamatory statements with actual malice, as that term is defined in *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964)—that is, with knowledge of falsity or with a high degree of awareness of probable falsity, *see Garrison v. Louisiana,* 379 U.S. 64, 75 (1964) —and there is no evidence that HBO was solely motivated by common-law malice, *see Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349 (1974); *Prozeralik v. Capital Cities Comm'cns*, 82 N.Y.2d 466, 479–80 (N.Y. 1993); *Loughry v. Lincoln First Bank, N.A.*, 67 N.Y.2d 369, 378 (N.Y. 1986); *Morsette v. "The Final Call"*, 309 A.D.2d 249, 254 (1st Dep't 2003).


**Previously asserted claims and defenses that are not to be tried:**

1.      HBO contends, and continues to maintain, that because Mitre is a public figure, in order to establish liability for defamation it must prove by clear and convincing evidence that HBO published the allegedly defamatory statements with actual malice.  By Order dated May 16, 2014 (Dkt No. 298), the Court granted summary judgment for Mitre on Mitre's claim that it is

not a public figure.  For this reason, the standard of care for liability to be applied at the trial of this case is gross irresponsibility rather than actual malice.  HBO expressly reserves all rights to challenge this ruling on appeal.

## IV.  A STATEMENT BY EACH PARTY AS TO WHETHER THE CASE IS TO BE TRIED WITH A JURY, AND THE NUMBER OF TRIAL DAYS NEEDED

**A.**   **Mitre**:  This case is to be tried with a jury.  Mitre anticipates that it will take ten days to try its case:  eight to nine days to try its case in chief (which includes one day of HBO's counter designations, and HBO's anticipated cross examination of Mitre's live witnesses), and one to two days for its rebuttal case.

**B.**   **HBO**:   This case is to be tried with a jury.  HBO anticipates that it will take eight days to try its case.

## V.  A STATEMENT AS TO WHETHER ALL PARTIES HAVE CONSENTED TO TRIAL OF THE CASE BY A MAGISTRATE JUDGE

The parties have not consented to trial of this case by a magistrate judge.

## VI.  STIPULATIONS OR STATEMENTS OF FACT OR LAW WHICH HAVE BEEN AGREED UPON BY THE PARTIES

1.     The parties stipulate that DX0782 sets forth every instance of a telecast of "Children of Industry" by HBO and the complete window of availability of "Children of Industry" via "HBO On Demand" ("HOD").

## VII.  WITNESS LISTS

**A.**   **Mitre's Witness List**

| | |
|---|---|
| Abrutyn, Stephanie | Live |
| Ahluwalia, Harinder Singh | By Deposition |
| Anderson, Duncan | Live |
| Apfel, Marcel | By Deposition |
| Aufderheide, Patricia | Live |

7

| | |
|---|---|
| Bedi, Vijay | By Deposition |
| Boocock, James | Live |
| Bradley, Kirby | By Deposition |
| Brown, Ean | By Deposition |
| Goldberg, Bernard | By Deposition |
| Greenburg, Ross | By Deposition |
| Gumbel, Bryant | By Deposition |
| Gupta, Vikas | Live if Available or by Deposition |
| HBO Representative for Authentication of Documents | Live |
| Hibbert, Gary | Live |
| Kaur, Manjit | By Deposition |
| Mamdani, Zehra | By Deposition |
| Mayor, Rajesh | By Deposition |
| Meikleham, Jamie | Live |
| Mishra, Ashutosh (interpreter/translator) | Live |
| Mitre Representative for Authentication of Documents | Live |
| Perskie, Joseph | By Deposition |
| Plepler, Richard | Live |
| Ponticelli, Charlotte | Live if Available or by Deposition |
| Purewal, Ravinder | By Deposition |
| Raghavan, Kam | Live |
| Rienecker, Peter | By Deposition |
| Roberts, Lesley | Live |
| Rubin, Andrew | Live |
| Rubin, Robert Stephen | Live |
| Satyarthi, Kailash | Live if Available or by Deposition |
| Sharma, Upi (interpreter/translator) | Live |
| Sharma, Veena | By Deposition |
| Singh, Amandeep | By Deposition |
| Singh, Deepak | By Deposition |
| Stamm, Laura | Live |
| Tocco, Trina | By Deposition |
| Yadav, Yatish | By Deposition |

B.      **HBO's Witness List**

Live

1. Joseph Perskie
2. Zehra Mamdani

8

3.  Stephanie Abrutyn
4.  Rick Bernstein
5.  Kirby Bradley
6.  Martin Cottingham
7.  Ezra Edelman
8.  Bernard Goldberg
9.  Bruce Grivetti
10. Bryant Gumbel
11. Scott Phillips

Live or by Deposition

1.  Harinder Singh Ahluwalia
2.  Vijay Bedi
3.  Ramesh Gopal
4.  Darren Grill
5.  Gerard Oonk
6.  Ingram Pope
7.  Kailash Satyarthi
8.  Sandro Vitiello
9.  Yatish Yadav

By Deposition

1.  George Duncan Anderson (individual and 30(b)(6) depositions)
2.  James Boocock
3.  David Breed
4.  Ean Brown
5.  Vikas Gupta
6.  Munish Kumar Hans
7.  Gary Hibbert
8.  Sukwinder Kaur
9.  Sumit Khanna
10. Lekhraj Kumar
11. Nicola Lesirge
12. Rajesh Mayor
13. Ashok Nair
14. Ravinder Purewal
15. Kam Raghavan
16. Julie Reeve
17. Lesley Roberts
18. Navdeep Singh
19. Prema Singh
20. Sakshi Sodhi
21. Stewart Thomson

HBO also reserves the right to use the services of one or more qualified interpreters at trial, *see* Fed. R. Evid. 604, and to present testimony from one or more of its translators, if necessary to resolve any translation dispute at trial.

## VIII.   DEPOSITION DESIGNATIONS, COUNTER DESIGNATIONS, REBUTTAL DESIGNATIONS, AND OBJECTIONS

Deposition designations, counter-designations, rebuttal designations, and objections for each party are being sent to Judge Daniels on cd-rom and will not be filed electronically.

## IX.   A LIST BY EACH PARTY OF EXHIBITS TO BE OFFERED IN ITS CASE IN CHIEF, WITH ONE ASTERISK INDICATING EXHIBITS TO WHICH NO PARTY OBJECTS ON GROUNDS OF AUTHENTICITY, AND TWO ASTERISKS INDICATING EXHIBITS TO WHICH NO PARTY OBJECTS ON ANY GROUND

### A.   Mitre's Exhibit List

Mitre's exhibit list is attached as Exhibit A.

### B.   HBO's Exhibit List

HBO's exhibit list is attached as Exhibit B.

SO ORDERED:

Dated: _____, 2015          _____
                                        HON. GEORGE B. DANIELS
                                        United States District Court Judge
                                        Southern District of New York

10