UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
MITRE SPORTS INTERNATIONAL LIMITED,  :
                                     :
                    Plaintiff,       :   No. 08-CIV-9117 (GBD)(HBP)
                                     :
                                     :   **PLAINTIFF'S PROPOSED**
        v.                           :   **JURY INSTRUCTIONS ON**
                                     :   **LIABILITY & DAMAGES**
HOME BOX OFFICE, INC.,               :
                                     :
                    Defendant.       :
-----------------------------------------------------------------x

311472.1

Sources: *New York Pattern Jury Instr.—Civil* 3:34A, Complete Charge—Intentional Torts—Defamation—Libel—Private Person and Speech of Public Concern (Dec. 2014)

*Lasky v. ABC*, 631 F. Supp. 962 (S.D.N.Y. 1986)

*Metropolitan Opera Ass'n v. Local 100*, 2005 WL 1712241, at *6 (S.D.N.Y. Jul. 19, 2005)

This is an action for defamation, and specifically for libel. A libel is a writing or telecast which tends to expose the plaintiff to public hatred, contempt, ridicule, or disgrace. The plaintiff in this case, Mitre Sports International, Ltd. (Mitre) claims that the defendant, Home Box Office, Inc. (HBO), defamed Mitre in HBO's multiple telecasts, from September 16, 2008, through October 27, 2008, of episode #138 of *Real Sports with Bryant Gumbel* which contained a segment called "Children of Industry." Mitre claims that "Children of Industry" defamed Mitre by portraying Mitre as using child slave labor in Meerut, India, to manufacture Mitre-branded soccer balls. Mitre also claims that "Children of Industry" defamed Mitre by portraying Mitre as employing child labor, or ignoring the use of child labor and doing nothing to stop it, to manufacture Mitre-branded soccer balls in Jalandhar, India.

To recover damages for libel, Mitre has the burden of proving six elements. If Mitre has proved all six of these elements, you will decide in Mitre's favor and proceed to determine the amount of damages. However, if Mitre has failed to prove any one of these six elements, Mitre may not recover.

First, Mitre must prove that "Children of Industry" was defamatory, that is, reasonably capable of defamatory meaning. This means that "Children of Industry" had a tendency to expose Mitre

to public hatred, contempt, ridicule, or disgrace.

Second, Mitre must prove that "Children of Industry" referred to Mitre, meaning that one or more statements in "Children of Industry" would be reasonably understood to be about Mitre.

Third, Mitre must prove that HBO published or telecasted "Children of Industry," meaning that HBO communicated "Children of Industry" to someone other than Mitre.

Fourth, Mitre must prove that "Children of Industry" was false.

Fifth, Mitre must prove that HBO telecasted "Children of Industry" in a grossly irresponsible manner, disregarding the standards of information gathering and dissemination followed by responsible telecasters.

Sixth, Mitre must prove that "Children of Industry" proximately caused actual harm to Mitre, meaning that Mitre suffered damage to its reputation or standing in the community, or that Mitre suffered economic loss.

Mitre has the burden of proving these six elements of its libel claim by a "fair preponderance of the credible evidence." What does "a fair preponderance of the credible evidence" mean? The "credible evidence" means the testimony or exhibits that you find to be worthy of belief. A "preponderance" means the greater part of such evidence. That does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase refers to the

quality of the evidence, that is, its convincing quality, the weight, and the effect that it has on your mind. The law requires that, in order for Mitre to sustain its burden of proof, the evidence that supports its claim must appeal to you as more nearly representing what happened than the evidence opposed to its claim. If it does not, or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, then you must decide the question in favor of HBO. If the evidence favoring Mitre's claim outweighs the evidence opposed to it, then you must decide in favor of Mitre.

The first question for you to decide is whether "Children of Industry" was defamatory. A telecast or statement is defamatory if it tends to expose the plaintiff to public hatred, contempt, ridicule, or disgrace—that is, if it would tend to lead the average person in the community to form an evil or bad opinion of the plaintiff. A telecast or statement is also defamatory if it tends to discredit the plaintiff in the conduct of its occupation, profession, trade, or office.

Not every unpleasant or uncomplimentary statement is defamatory. A telecast or statement that is merely unpleasant, offensive, or embarrassing, or that hurts the plaintiff's feelings, is not necessarily defamatory. Because language often has different meanings, the law imposes upon the plaintiff the burden of proving that the statement about which the plaintiff complains would in fact be understood by the average person as defamatory.

Mitre claims that "Children of Industry" defamed Mitre by portraying Mitre as using child slave labor in Meerut, India, to manufacture Mitre-branded soccer balls. Mitre also claims that "Children of Industry" defamed Mitre by portraying Mitre as employing child labor, or ignoring

the use of child labor and doing nothing to stop it, to manufacture Mitre-branded soccer balls in Jalandhar, India.

In determining whether "Children of Industry" was defamatory, "[i]t is the juxtaposition of segments into an audio and video mosaic that conveys the meaning or meanings intended. In studying a television program for possible defamatory meanings, [you, the jury] must not confine [your] analysis to the words alone. [You] must also consider the impact of the video portion of the program since the television medium offers the publisher the opportunity, through visual presentation, to emphasize certain segments in ways that cannot be ascertained from a mere reading of the transcript. It is the entirety of the program, both audio and video, that must be considered in determining whether a television program is reasonably susceptible of a defamatory meaning."[1]

The second element that Mitre must prove is that "Children of Industry" referred to Mitre; that is, Mitre must prove that "Children of Industry" was communicated to third persons who reasonably would have understood the telecast to refer to Mitre.

The third element that Mitre must prove is that HBO published or telecasted "Children of Industry," that is, that "Children of Industry" was seen by some person or persons other than Mitre.

---

[1] *Lasky v. ABC*, 631 F. Supp. 962, 970 (S.D.N.Y. 1986).

The fourth element that Mitre must prove is that "Children of Industry" is false. You will determine from the evidence presented what the truth was and then compare that with "Children of Industry."

The fifth element that Mitre must prove is that HBO published "Children of Industry" in a grossly irresponsible manner, disregarding the standards of information gathering and dissemination ordinarily followed by responsible telecasters. To establish that HBO acted in a grossly irresponsible manner, Mitre must prove that HBO disregarded a risk that "Children of Industry" was false and that HBO's disregard was a substantial departure from accepted standards and practices for information gathering and verification ordinarily followed by responsible telecasters.

The sixth element that Mitre must prove is actual harm. This means that you may not presume that Mitre has been damaged. Rather, Mitre must prove economic damage or damage to its reputation or standing in the community.
In order to prove reputational damage, Mitre need not offer evidence which assigns an actual dollar amount to the injury to its reputation.

Mitre is also seeking to recover for economic damages that Mitre claims to have suffered from the telecast of "Children of Industry." The law allows, as economic damages, the costs that a defamation plaintiff incurs to protect its name and to stop what it believes is defamation.[2] Mitre claims that it brought this lawsuit to vindicate itself, protect its name, and stop what it believes is

---

[2] *Metropolitan Opera Ass'n v. Local 100*, 2005 WL 1712241, at *6 (S.D.N.Y. Jul. 19, 2005).

311472.1

defamation. Mitre is seeking, as part of its economic damages, Mitre's costs of bringing this lawsuit. Mitre bears the burden of proving the amount of its economic damages. Mitre need not prove its economic damages with precision; however, Mitre's claimed economic damages cannot be the result of speculation or guesswork.

I am now going to instruct you on the law of damages. The fact that I instruct you on the law of damages must not be taken as an indication that you should decide for Mitre. You will decide on the evidence presented and the rules of law that I have given you whether Mitre is entitled to recover from HBO.

If you find that Mitre did suffer actual harm, as I have defined that term for you, you will award Mitre a sum of money that, in the exercise of your good judgment and common sense, you find is fair and just compensation for that injury which you find was directly and actually caused by "Children of Industry."

If you find that Mitre did suffer actual harm, you may also award Mitre such amount as, in the exercise of your good judgment and common sense, you find is fair and just compensation for the injury to Mitre's reputation which you find was directly and actually caused by "Children of Industry." In fixing that amount you should consider Mitre's standing in the community, the nature of HBO's charge against Mitre, the extent to which the charge was circulated, the tendency of the charge to injure such an entity as Mitre, and all of the other facts and circumstances surrounding the parties. Such damages cannot be proved with mathematical certainty. Fair compensation may vary, ranging from one dollar, if you decide that there was no

311472.1

reputational injury, to a substantial sum if you decide that the injury was substantial.

The damages that I have discussed with you so far are called compensatory, because they are intended to compensate for injury suffered by Mitre. In addition, Mitre asks that you award punitive damages. Punitive damages may be awarded to punish a defendant that has acted maliciously, and to discourage others from doing the same. A statement is made maliciously if it is made with deliberate intent to injure or made out of hatred, ill will, or spite, or made with willful, wanton, or reckless disregard of another's rights.

If you find that, in publishing "Children of Industry," HBO acted maliciously towards Mitre, as I have just defined that term for you, you may, but are not required to, award Mitre punitive damages. If you find that HBO did not act maliciously, as I have defined that term for you, you may not award punitive damages. The burden of proving that HBO acted with malice is on Mitre.

If you decide to award Mitre punitive damages, then you should consider the following factors in arriving at your decision as to the amount of punitive damages:

1.  The nature and reprehensibility of what HBO did. That would include the character of the wrongdoing and HBO's awareness of what harm the conduct caused or was likely to cause. In considering the amount of punitive damages to award, you should weigh this factor heavily.

2.  The actual and potential harm created by HBO's conduct. The amount of punitive damages that you award must be both reasonable and proportionate to the actual

and potential harm suffered by Mitre, and to the compensatory damages you awarded Mitre.

3. HBO's financial condition and the impact your punitive damages award will have on HBO.

311472.1

Dated: March 30, 2015

                                                                       Respectfully submitted,

**CONSTANTINE CANNON LLP**

By: _/s/ Lloyd Constantine_
Lloyd Constantine
Robert L. Begleiter
Ankur Kapoor
Jean Kim
David A. Scupp
Matthew Vaccaro
335 Madison Avenue - 9th Floor
New York, NY 10017
(212) 350-2700
(212) 350-2701 (fax)

Jason J. Enzler
1001 Pennsylvania Avenue, NW
Suite 1300 N
Washington, DC 20004
(202) 204-3500
(202) 204-3501 (fax)

311472.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
MITRE SPORTS INTERNATIONAL LIMITED,  :
                                     :
                 Plaintiff,          :   No. 08-CIV-9117 (GBD)(HBP)
                                     :
                                     :
            v.                       :   **PLAINTIFF'S PROPOSED**
                                     :   **JURY VERDICT FORM**
HOME BOX OFFICE, INC.,               :
                                     :
                 Defendant.          :
------------------------------------------------------------x

311472.1

**Claim #1: That HBO falsely portrayed Mitre as using child slave labor in Meerut, India.**

Answer the following:

1. Did "Children of Industry" defame Mitre by falsely portraying that Mitre soccer balls were manufactured using debt-bonded child labor or child slave labor in Meerut, India?

All jurors must agree on the answer to this question.

   Yes_____   No_____

2. Did HBO telecast "Children of Industry" in a grossly irresponsible manner without consideration for the standards of information gathering and dissemination followed by responsible telecasters?

All jurors must agree on the answer to this question.

   Yes_____   No_____

3. Do you find, by clear and convincing evidence, that HBO telecast "Children of Industry" either (a) knowing that it was false or (b) with reckless disregard for the truth?

All jurors must agree on the answer to this question.

Yes_____   No_____

4.  If you found "Yes" for Question #1 and you found "Yes" for either Question #2 or Question #3, state the amount of compensatory damages, if any, awarded to Mitre for actual harm.

All jurors must agree on the amounts awarded.

Amount awarded for reputational damages: $_____

Amount awarded for economic damages: $_____

If you decide not to make an award of damages, you will insert the word "none" next to the damages that you decide not to award.

5.  Is Mitre entitled to punitive damages against HBO?

Yes_____   No_____

All jurors must agree on the answer to this question. If the answer to this question is "Yes," state the amount of punitive damages to be awarded to Mitre: $_____.

3

311472.1

**Claim #2: That HBO falsely portrayed Mitre as employing child labor, or ignoring the use of child labor and doing nothing to stop it, in Jalandhar, India.**

Answer the following:

6. Did "Children of Industry" defame Mitre by falsely portraying Mitre as employing child labor, or ignoring the use of child labor and doing nothing to stop it, in Jalandhar, India?

All jurors must agree on the answer to this question.

Yes_____   No_____

7. Did HBO telecast "Children of Industry" in a grossly irresponsible manner without consideration for the standards of information gathering and dissemination followed by responsible telecasters?

All jurors must agree on the answer to this question.

Yes_____   No_____

8. Do you find, by clear and convincing evidence, that HBO telecast "Children of Industry" either (a) knowing that it was false or (b) with reckless disregard of the truth?

All jurors must agree on the answer to this question.

Yes_____   No_____

9.  **If you found "Yes" for Question #6 and you found "Yes" for either Question #7 or Question #8, state the amount of compensatory damages, if any, awarded to Mitre for actual harm.**

All jurors must agree on the amounts awarded.

Amount awarded for reputational damages: $_____

Amount awarded for economic damages: $_____

If you decide not to make an award of damages, you will insert the word "none" next to the damages that you decide not to award.

10. **Is Mitre entitled to punitive damages against HBO?**

Yes_____ No_____

All jurors must agree on the answer to this question. If the answer to this question is "Yes," state the amount of punitive damages to be awarded to Mitre: $_____.

Dated: March 30, 2015

                                          Respectfully submitted,

                                          **CONSTANTINE CANNON LLP**

By: _/s/ Lloyd Constantine_
      Lloyd Constantine
      Robert L. Begleiter
      Ankur Kapoor
      Jean Kim
      David A. Scupp
      Matthew Vaccaro
      335 Madison Avenue - 9th Floor
      New York, NY 10017
      (212) 350-2700
      (212) 350-2701 (fax)

      Jason J. Enzler
      1001 Pennsylvania Avenue, NW
      Suite 1300 N
      Washington, DC 20004
      (202) 204-3500
      (202) 204-3501 (fax)