**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MITRE SPORTS INTERNATIONAL
LIMITED,

                       Plaintiff,

      v.

HOME BOX OFFICE, INC.,

                       Defendant.

**Case No. 08-cv-9117 (GBD)(HBP)**

*ECF Case*

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS AND REQUESTS TO CHARGE**

Kevin T. Baine
Dane H. Butswinkas
Thomas G. Hentoff
Allison B. Jones
A. Joshua Podoll
Nicholas G. Gamse
Masha G. Hansford
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC  20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
kbaine@wc.com

Of Counsel:
Stephanie Abrutyn, Home Box Office, Inc.

*Attorneys for Defendant*
*Home Box Office, Inc.*

## PRELIMINARY STATEMENT

Pursuant to Rule 4(B)(i) of the Court's Individual Rules of Practice, Defendant, Home Box Office, Inc., submits the following proposed jury instructions and requests to charge.  We have attempted to provide a comprehensive set of instructions for both the opening and closing of trial, together with supporting authorities.  We respectfully request the ability to amend or supplement these proposed charges and requests, or to withdraw proposed charges, as necessary based on the contents of any opinions or rulings issued by the Court, our review of the plaintiff's proposed charges, the outcome of various pending and anticipated motions, any rulings the Court may render in charging conferences or during the course of the trial, or the evidence adduced at trial.

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................ i

I.     DEFENDANT'S PROPOSED PRETRIAL INSTRUCTIONS.............................1

         PROPOSED INSTRUCTION NO. 1 (Instructions at Beginning of Trial) ............1

         PROPOSED INSTRUCTION NO. 2 (Contact with Others)..................................4

         PROPOSED INSTRUCTION NO. 3 (Note-Taking by the Jury).........................6

         PROPOSED INSTRUCTION NO. 4 (Conduct of Counsel)................................7

         PROPOSED INSTRUCTION NO. 5 (Defamation Case) .....................................8

II.    DEFENDANT'S REQUESTS TO CHARGE .......................................................9

     A.    GENERAL INSTRUCTIONS ...............................................................9

         PROPOSED CHARGE NO. 1 (Role of the Court) ...........................................9

         PROPOSED CHARGE NO. 2 (Juror Attentiveness) .........................................10

         PROPOSED CHARGE NO. 3 (Role of the Jury)...............................................11

         PROPOSED CHARGE NO. 4   (Duty of Impartiality).......................................13

         PROPOSED CHARGE NO. 5 (Burden of Proof—General)................................14

         PROPOSED CHARGE NO. 6 (Burden of Proof—
         Preponderance of Evidence) ............................................................................15

         PROPOSED CHARGE NO. 7 (Direct and Circumstantial Evidence)................17

         PROPOSED CHARGE NO. 8 (Inference Defined (Presumptions))....................19

         PROPOSED CHARGE NO. 9 (Depositions)........................................................20

         PROPOSED CHARGE NO. 10 (Uncalled Witnesses).......................................21

         PROPOSED CHARGE NO. 11 (Witness Credibility: General Instruction).........22

         PROPOSED CHARGE NO. 12
         (Impeachment by Prior Inconsistent Statement).......................................24

         PROPOSED CHARGE NO. 13 (Expert Witnesses) ...........................................25

     B.    LIABILITY INSTRUCTIONS................................................................26

         PROPOSED CHARGE NO. 14   (Defamation Law and the First
         Amendment) ...................................................................................................26

         PROPOSED CHARGE NO. 15 (Defamation—Elements of Case) .....................27

         PROPOSED CHARGE NO. 16 (Defamatory Meaning)......................................29

         PROPOSED CHARGE NO. 17 (Defamatory Meaning—Consideration of
         the Entire Report)............................................................................................30

         PROPOSED CHARGE NO. 18 (Defamation by Implication)............................31

PROPOSED CHARGE NO. 19 (Reference to Plaintiff)......................................32

PROPOSED CHARGE NO. 20 (Material Falsity/Substantial Truth)..................33

PROPOSED CHARGE NO. 21 (Falsity/Substantial Truth—Matters of
    Editorial Judgment)...............................................................................34

PROPOSED CHARGE NO. 22 (Opinions and Questions)..................................35

PROPOSED CHARGE NO. 23 (Gross Irresponsibility) .....................................36

PROPOSED CHARGE NO. 24  (Standard of Care—
    Defendant is Responsible for the Actions of Its Employees Not Its
    Independent Contractors)........................................................................37

PROPOSED CHARGE NO. 25 (Single-Publication Rule)..................................38

PROPOSED CHARGE NO. 26 (Republication)..................................................39

PROPOSED CHARGE NO. 27 (Actual Harm or Injury to a Corporate
    Plaintiff) ..................................................................................................40

C.      DAMAGES INSTRUCTIONS .................................................................41

PROPOSED CHARGE NO. 28 (Compensatory Damages: Defamation)............41

PROPOSED CHARGE NO. 29 (Punitive Damages)............................................42

PROPOSED CHARGE NO. 30 (Superior Officer)...............................................43

PROPOSED CHARGE NO. 31 (Actual Malice) ..................................................44

PROPOSED CHARGE NO. 32 (Burden of Proof for Knowledge of
    Falsity or High Degree of Awareness of Probability of Falsity—
    Clear and Convincing Evidence) ...........................................................45

PROPOSED CHARGE NO. 33 (Common-Law Malice).....................................46

D.      SUPPLEMENTAL PROPOSED CHARGES .......................................47

PROPOSED CHARGE NO. 34 (Defense Theories of the Case) .........................47

E.      CONCLUDING INSTRUCTIONS .........................................................48

PROPOSED CHARGE NO. 35 (Right To See Exhibits and Hear
    Testimony; Communications with the Court)..........................................48

PROPOSED CHARGE NO. 36 (Selection of Foreperson)..................................49

PROPOSED CHARGE NO. 37 (Duty To Deliberate/Unanimous)......................50

PROPOSED CHARGE NO. 38 (Return of Verdict)............................................51

I.      **DEFENDANT'S PROPOSED PRETRIAL INSTRUCTIONS**

**PROPOSED INSTRUCTION NO. 1**
**(Instructions at Beginning of Trial)**

This case is now officially on trial and you are the jurors in the case.  The function of the jury is to decide the disputed fact issues in the case.  To discharge this duty, it is important that you listen carefully to the witnesses as they testify and form no judgment with respect to any witness or the outcome of the case as the trial moves forward.  In short, it is important to keep an open mind throughout the entire trial.

It is also important to observe the witnesses as they testify.  The reason for this is that the credibility of some of the witnesses will be an issue.  You will be called upon to appraise the credibility or the truthfulness of a particular witness's testimony.  Often it is not what a witness says but how the witness says it that may give you a clue as to whether or not to accept his or her version of an incident or an event as credible or believable.  In short, the witness's manner of testifying before you, the witness's appearance—that is, general demeanor—is a factor that may play an important part in your reaching a judgment as to whether or not you can accept that witness's testimony as reliable.

As the trial proceeds, you may have impressions of a witness or a subject, but you must not allow these impressions to become fixed or hardened.  If you do, in a sense you foreclose consideration of the testimony of other witnesses or other evidence that may come in after the witness you heard.  This would be unfair to one side or the other.  A case can be presented only step by step, witness by witness, before the totality of all the evidence is before you.

We know from experience that frequently we will hear a person give a version of an event which sounds most impressive and even compelling, and yet, when we hear another person's version of the same event or even the same witness cross-examined with respect to it,

1

what seemed so very compelling and impressive may be completely dissipated or weakened.

In other words, usually there is another side to every story. Thus, it is important to keep an open mind throughout the taking of evidence.

The parties and their counsel are now instructed not to speak to jurors or to speak about the case in your presence. Thus, you should understand that if they fail to acknowledge your presence, if you should see them at times when the court is not in session, they are not impolite or discourteous, but simply following the order of the court.

Now a word about trial procedure. The trial proper will start with what are called opening statements. The attorneys representing each side will, before any evidence is received, appear before you and make opening statements. This is a sort of framework or reference as to what the case is about—the issues in the case. The attorneys will set forth what they believe— and I underscore the word believe—the evidence will show. These statements by the lawyers are made in good faith and on the basis of their preparation for trial. But I must caution you now, and probably will again during the course of the trial, that, however helpful these opening statements may be so that we can follow the testimony with reference to the issues in the case, they are not a substitute for the evidence. The only evidence that you may act upon is that which you will hear from a witness who will be sworn in your presence, takes an oath to tell the truth, and following questioning on direct examination, is subject to cross examination, and such documents or exhibits as are admitted in evidence.

The totality of the testimony of witnesses and the exhibits is the evidence upon which you will reach a verdict in the case as to the defendant. If during the course of the trial a lawyer for either side makes any statement with reference to a fact matter, or includes a fact reference in a question, or eventually in his or her summation refers to fact matters, you will bear in mind that

statements by the lawyers are not evidence.  The sole and only evidence is that to which I have already referred.

Upon the conclusion of all the testimony the lawyers will again address you.  This is called a summation and each will urge upon you the arguments that he or she believes support whatever position he or she advocates.  You will, of course, listen attentively to the lawyers.  The determination as to whether or not you accept any argument advanced before you by the plaintiff or the defendant is entirely up to you.  You make the fact determination.  You may accept such arguments as appeal to you; if not, you may reject them.

Following the lawyers' summations, the court will instruct you as to the law, and it is then that you go into the jury room and undertake your fact-finding function.  The ultimate decision in finding the facts, deciding the facts, is yours.  This must be based upon the evidence presented before you as to the defendant.

**Authority:**    Sand, *et al.*, Modern Federal Jury Instructions—Criminal, Instr. 1-1 (updated 2013) (modified); Federal Judicial Center Pattern Criminal Jury Instructions, General Criminal Instr. § 1.A.1 (2013) (modified); The Court's Instructions Of Law To The Jury, *United States v. Ghavami*, No. 10-cr-1217-KMW (modified).

## PROPOSED INSTRUCTION NO. 2
### (Contact with Others)

Before we start the trial, let me give you a few "rules of the road."

First, please do not discuss the case with anyone. This includes discussing the case in person, in writing, by phone or electronic means, via text messaging, e-mail, Facebook, Twitter, blogging, or any Internet chat room, web site or other feature. If you have to tell someone such as your spouse or your employer that you are serving on a jury and that the trial may last as late as [DATE], that's okay. But when they inevitably ask you what the case is about, please tell them that you are under strict instructions from the judge not to discuss the case. The reason for this, obviously, is that we want you to decide this case solely on the evidence presented in this courtroom, and not on the basis of anything anyone who hasn't heard the evidence may think about the case. If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you should not try to access any information about the case, conduct your own investigation, or do research on any party or issue that arises in the case from any outside source, including dictionaries, reference books, or anything on the Internet. There may be some media attention given to this case in the newspaper or on the radio, television, or Internet. If there is that kind of media attention during the trial, you must insulate yourselves from all information about this case, except what comes to you in this courtroom through the rules of evidence. So when you leave here and go to your home and pick up the paper or check a web site, if you see something about the case, you must put the paper down or close the Internet browser right away. Do not read the article. You should also avoid listening to or watching any radio or television discussion of the case. Your sworn duty is to decide this case solely and

wholly on the evidence presented in this courtroom.

Finally, please do not discuss the case even among yourselves until all the evidence has been presented and the case has been given to you for your deliberations.  The reason for this is that the evidence will be presented one witness and one exhibit at a time, and it is important that you keep an open mind until you have heard all the evidence.

**<u>Authority</u>:**    Sand, *et al.*, Modern Federal Jury Instructions—Civil, Instrs. 71-12, 71-15 (updated 2013) (modified).

**PROPOSED INSTRUCTION NO. 3**
**(Note-Taking by the Jury)**

If you want to take notes during the course of the trial, you may do so.  If you do take

notes, be sure that your note-taking does not interfere with your listening to and considering all

of the evidence.  Also, if you take notes, do not discuss them with anyone before or during your

deliberations.  Your notes are to be used solely to assist you and are not to substitute for your

recollection of the evidence in the case.  The fact that a particular juror has taken notes entitles

that juror's views to no greater weight than those of any other juror, and your notes are not to be

shown to any other juror during your deliberations.  If, during your deliberations, you have any

doubt as to any of the testimony, you will be permitted to request that the official trial transcript

which is being made of these proceedings be read to you.

<u>Authority:</u>     Sand, *et al.*, Modern Federal Jury Instructions—Civil, Instr. 71-16 (updated
               2013); *United States v. Bertolotti*, 529 F.2d 149, 159–60 (2d Cir. 1975).

6

## PROPOSED INSTRUCTION NO. 4
### (Conduct of Counsel)

It is the duty of the attorneys to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by me, the Court.  You should not show any prejudice against an attorney or a party because an attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of the evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

**Authority:**    The Court's Jury Charge, *Sokolow, et al. v. The Palestine Liberation Org., et al.*, No. 04-cv-0397-GBD.

## PROPOSED INSTRUCTION NO. 5
### (Defamation Case)

This is a defamation case, also known as a libel case.  The plaintiff is Mitre Sports International Limited, or Mitre.  The defendant is Home Box Office, Inc., or HBO.  Mitre claims that a report on HBO's television program *Real Sports with Bryant Gumbel* was defamatory.  A defamatory statement is one that exposes the plaintiff to public hatred, contempt or ridicule, or that discredits the plaintiff in its business.  In this case, Mitre has the burden of proving that HBO's report was defamatory, that it was false, and that it was published in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible journalists, and that it caused actual harm or injury to Mitre.  The defendant, HBO, does not have the burden of proving that its report was true.

At the end of the case I will instruct you in detail about the law of defamation that will govern your deliberations.

**Authority:**     Lazer, *et al.*, New York Pattern Jury Instructions—Civil, Instr. PJI 3:23A (updated 2014) (modified); Sand, *et al.*, Modern Federal Jury Instructions—Civil, Instr. 91-1 (updated 2013) (modified); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 342 (1974); *Chapadeau v. Utica Observer-Dispatch, Inc.*, 38 N.Y.2d 196, 199, 379 N.Y.S.2d 61, 63-64 (1975).

II.      **DEFENDANT'S REQUESTS TO CHARGE**

A.      **GENERAL INSTRUCTIONS**

### PROPOSED CHARGE NO. 1
### (Role of the Court)

You have now heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties.

It is your duty to accept these instructions of law and apply them to the facts as you determine.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be.  It would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

**Authority:**      The Court's Jury Charge, *Sokolow, et al. v. The Palestine Liberation Org., et al.*, No. 04-cv-0397-GBD.

**PROPOSED CHARGE NO. 2**
**(Juror Attentiveness)**

Ladies and gentlemen, you are about to enter your final duty, which is to decide the fact issues in the case.

Before you do that, it is my duty to instruct you on the law.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and observe each witness who testified.  It has been obvious to me and to counsel that you have faithfully discharged this duty.  It is evident that you followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

**Authority:**   The Court's Jury Charge, *Sokolow, et al. v. The Palestine Liberation Org., et al.*, No. 04-cv-0397-GBD.

10

## PROPOSED CHARGE NO. 3
### (Role of the Jury)

Your final role is to pass upon and decide the fact issues that are in the case.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

I shall later discuss with you how to pass upon the credibility—or believability—of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence.  It is only the answer which is evidence.  But you may not consider any answer that I directed you to disregard or that I directed be struck from the record.  Do not consider such answers.

At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true.  If the witness denies the truth of a statement and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.

For example, if a witness was asked the question, "Do you own a red automobile?," you would not be permitted to consider as true the assumed fact that the witness owns an automobile, unless the witness indicates that he or she does own an automobile, or unless there is some other evidence in the record that the witness owns an automobile.

11

In short, questions are not evidence; answers are.

Nor is anything I may have said during the trial or may say during these instructions to be taken in substitution for your own independent recollection of the evidence.  What I say is not evidence.  Anything you may have seen or heard about this case outside of this courtroom is not evidence and must be entirely disregarded.

The evidence before you consists of the answers given by witnesses—the sworn testimony they gave, as you recall it—and the exhibits that were received in evidence, plus any stipulations of the parties.  A stipulation is an agreement among the parties that a certain fact is true.  You should regard such agreed upon facts as true.  Exhibits which have been marked for identification, but not received in evidence may not be considered by you as evidence.  Only those exhibits admitted in evidence may be reviewed by you in the jury room.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiff has proven its case.

You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice as to any party.  You should consider the evidence in light of your common sense and experience.

**Authority:**     The Court's Jury Charge, *Sokolow, et al. v. The Palestine Liberation Org., et al.*, No. 04-cv-0397-GBD (modified).

## PROPOSED CHARGE NO. 4
### (Duty of Impartiality)

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the plaintiff sustained its burden of proof, any personal biases or prejudices you may have as to any party, for all parties are equal under the law.

It would be equally improper for you to allow any feelings you might have about the nature of the claims to interfere with your decision-making process.

To repeat, your verdict must be based exclusively upon the evidence, or lack of evidence, in the case.

**Authority:**    The Court's Jury Charge, *Sokolow, et al. v. The Palestine Liberation Org., et al.*, No. 04-cv-0397-GBD (modified).

13

**PROPOSED CHARGE NO. 5**
**(Burden of Proof—General)**

This is a civil case and as such the plaintiff has the burden of proving the material allegations of the complaint by a fair "preponderance of the evidence," a term that I will explain to you in the next instruction.  The plaintiff has the burden of proving each essential element of the claims by a preponderance of the evidence.

If after considering all of the evidence you are satisfied that the plaintiff has carried its burden on each essential point as to which the plaintiff has the burden of proof, then you must find for the plaintiff on that claim.  If after such consideration you find the evidence offered by both sides to be in balance or equally probable, then the plaintiff has failed to sustain its burden and you must find for the defendant.

<u>**Authority:**</u>    The Court's Jury Charge, *Sokolow, et al. v. The Palestine Liberation Org., et al.*, No. 04-cv-0397-GBD (modified).

**PROPOSED CHARGE NO. 6**
**(Burden of Proof—Preponderance of Evidence)**

To establish the defendant's liability, the plaintiff has the burden of proving every disputed element of its claim to you by a preponderance of the evidence.  If you conclude that the plaintiff has failed to establish the claim by a preponderance of the evidence, you must decide against plaintiff on the issue you are considering.

What does a "preponderance of evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the plaintiff.  That is because the party bearing this burden must prove more than simple equality of evidence—the plaintiff must prove the element at issue by a preponderance of the evidence.  On the other hand, the plaintiff need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the plaintiff—that what the plaintiff claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

15

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial.  That requirement does not apply to a civil case such as this and you should put it out of your mind.

**Authority:**     The Court's Jury Charge, *Sokolow, et al. v. The Palestine Liberation Org., et al.*, No. 04-cv-0397-GBD (modified).

**PROPOSED CHARGE NO. 7**
**(Direct and Circumstantial Evidence)**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is called direct evidence. Direct evidence is where a witness testifies to what he saw, heard or observed. In other words, when a witness testified about what is known to him or her of his or her own knowledge by virtue of his or her own senses—what he or she sees, feels, touches or hears—that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside.

As you were sitting here, someone walked in with an umbrella which was dripping wet. Somebody else then walked in with a raincoat which was also dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining, so you have no direct evidence of that fact. But, on the combination of facts which I have given you, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one or more established facts, the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence, for it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict must be based on a preponderance of all of the evidence presented.

**Authority:**     The Court's Jury Charge, *Sokolow, et al. v. The Palestine Liberation Org., et al.*, No. 04-cv-0397-GBD.

## PROPOSED CHARGE NO. 8
### (Inference Defined (Presumptions))

During the trial you may have heard the attorneys or the court use the term "inference," and in their arguments the attorneys may have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other facts.

An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The plaintiff asks you to draw one set of inferences, while the defendant asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

**Authority:**    The Court's Jury Charge, *Sokolow, et al. v. The Palestine Liberation Org., et al.*, No. 04-cv-0397-GBD (modified).

## PROPOSED CHARGE NO. 9
### (Depositions)

Some of the testimony before you is in the form of depositions.  A deposition is simply a procedure where the attorneys for each side may question a witness or an adversary party under oath before a court stenographer prior to trial.  This is part of pretrial discovery, and each side is entitled to take depositions.  The plaintiff and the defendant are given advance notice of the scheduled deposition of witnesses, and all parties are entitled to be present and their lawyers are entitled to question the witnesses.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

**Authority:**     The Court's Jury Charge, *Sokolow, et al. v. The Palestine Liberation Org., et al.*, No. 04-cv-0397-GBD.

**PROPOSED CHARGE NO. 10**
**(Uncalled Witnesses)**

There are some persons whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what those persons would have testified to had they been called.  Their absence should not affect your judgment in any way.

<u>**Authority:**</u>     Sand, *et al.*, Modern Federal Jury Instructions—Civil, Instr. 75-4 (modified);
*United States v. Bahna*, 68 F.3d 19, 22 (2d Cir. 1995).

## PROPOSED CHARGE NO. 11
### (Witness Credibility: General Instruction)

You have had an opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues.  You will now have to decide the factual issues, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified and any other matter in evidence which may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank, and forthright?  Or, did the witness seem as if he or she was hiding something, being evasive, or suspect in some way?  How did the way the witness testified on direct-examination compare with the way the witness testified on cross-examination?  Was the witness consistent in his or her testimony or did he or she contradict himself or herself?  Did the witness appear to know what he or she was talking about, and did the witness strike you as someone who was trying to report his or her knowledge accurately?

You do not have to accept the testimony of any witness, even one who has not been contradicted or impeached, if you find the witness not to be credible.  You have to decide which witnesses to believe and which facts are true.  To do this you must look at all of the evidence, drawing upon your own common sense and personal experience.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to mistrust such witness's testimony in other particulars, and you may reject all

22

of the testimony of that witness or give it such credibility as you may think it deserves.  You may accept all, part, or none of the witness's testimony.

How much you choose to believe a witness may be influenced by the witness's bias.  Does the witness have a relationship with the plaintiff or the defendant which may affect how he or she testified?  Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice or hostility that may have caused the witness—consciously or not—to give you something other than a completely accurate account of the facts he or she testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about, and you should also consider the witness's ability to express himself or herself.  Ask yourselves whether the witness's recollection of the facts stands up in light of all other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection.  In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

**Authority:**     The Court's Jury Charge, *Sokolow, et al. v. The Palestine Liberation Org., et al.*, No. 04-cv-0397-GBD.

23

## PROPOSED CHARGE NO. 12
### (Impeachment by Prior Inconsistent Statement)

You may have heard evidence that at some earlier time a witness made a statement which counsel argues is inconsistent with the witness's trial testimony.  Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself.  If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of that trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

**Authority:**     The Court's Jury Charge, *Sokolow, et al. v. The Palestine Liberation Org., et al.*, No. 04-cv-0397-GBD.

24

**PROPOSED CHARGE NO. 13**
**(Expert Witnesses)**

You have heard testimony from expert witnesses.  An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.  In weighing the expert's testimony, you may consider the expert's qualifications, his or her opinions, his or her reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.

You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept an expert's opinion testimony merely because he or she is an expert.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

**Authority:**      The Court's Jury Charge, *Sokolow, et al. v. The Palestine Liberation Org., et al.*, No. 04-cv-0397-GBD.

## B.    LIABILITY INSTRUCTIONS

### PROPOSED CHARGE NO. 14
### (Defamation Law and the First
### Amendment)

You will better understand these instructions and the rules of law about which I am informing you if you keep in mind that this case involves a balancing of values, both of which are important in our society.  Under certain conditions, the law of New York State grants plaintiffs the right to recover for false, defamatory statements of fact which injure their reputations.  The law in effect recognizes that the reputations of individuals or, in this case, an entity, are sometimes important enough to warrant legal protection.

On the other hand, the laws of New York and our federal Constitution guarantee to individuals, and particularly to the news media, freedom of speech.  The news media have an important function in reporting on matters of public concern.  And the parties have stipulated that the HBO *Real Sports* report about child labor in the soccer ball industry in India involved a matter of public concern.  In cases such as this, the First Amendment to the United States Constitution and the laws of the State of New York provide substantial protections for free speech—even for speech that turns out to be false.  The law recognizes that erroneous statements are inevitable in the course of discussion about public affairs, and that there must be some protection even for erroneous statements if the free press is to have the "breathing space" that it needs to survive.  Now I will turn to an explanation of exactly what the plaintiff must prove to prevail in a libel case like this.

**Authority:**    Sand, *et al.*, Modern Federal Jury Instructions—Civil, Instr. 91-1 (updated 2013) (modified); *New York Times v. Sullivan*, 376 U.S. 254, 272 (1964); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 342 (1974); *Chapadeau v. Utica Observer-Dispatch, Inc.*, 38 N.Y.2d 196, 199, 379 N.Y.S.2d 61, 63-64 (1975).

**PROPOSED CHARGE NO. 15**
**(Defamation—Elements of Case)**

This is an action to recover damages for defamation, or libel.  Mitre Sports International Limited is the plaintiff.  Home Box Office, Inc. is the defendant.

To recover damages for libel, Mitre has the burden of proving five elements.  If the plaintiff has proved all five of these elements, you will decide in the plaintiff's favor and go on to determine the amount of damages.  However, if the plaintiff has failed to prove any one of these five elements, the plaintiff may not recover.

First, Mitre must prove that HBO made a statement that was defamatory, meaning that the statement exposed Mitre to public hatred, contempt, ridicule, or disgrace.

Second, and this is a related point, Mitre must prove that the defamatory statement referred to Mitre in particular, as opposed to some other or unspecified entity.

Third, Mitre must prove that the statement was false.

Fourth, Mitre must prove that the HBO acted in a grossly irresponsible manner without consideration for the standards of information gathering and dissemination followed by responsible journalists.

Fifth, Mitre must prove that the false and defamatory statement proximately caused actual harm or injury to Mitre.

In the instructions that follow, I will have more to tell you about each of these five elements.

Mitre has the burden of proving these five elements by a preponderance of the evidence, a term that I explained to you earlier.

**<u>Authority</u>:**    Lazer, *et al.*, New York Pattern Jury Instructions—Civil, Instr. PJI 3:23A (updated 2014) (modified); *Celle v. Filipino Reporter Enterprises, Inc.*, 209 F.3d 163, 178 (2d Cir. 2000).

## PROPOSED CHARGE NO. 16
### (Defamatory Meaning)

The first element that Mitre must prove is that HBO's report "Children of Industry" was defamatory.  A publication or, in this case, a television report is defamatory if it tends to expose the plaintiff to public hatred, contempt, ridicule, or disgrace—that is, if it would tend to lead the average person in the community to form an evil or bad opinion of the plaintiff.  A report is also defamatory if it tends to discredit the plaintiff in the conduct of its business.

A statement that is merely unpleasant or uncomplimentary is not defamatory.

In deciding whether language used in HBO's report was defamatory, you may have to decide what the language means.  Language often has more than one possible meaning, and you may have to decide which of several possible meanings was intended.  I instruct you that the meaning of a statement is the meaning that the viewer correctly, or mistakenly but reasonably, understands that it was intended to express.

**Authority:**   Lazer, *et al.*, New York Pattern Jury Instructions—Civil, Instr. PJI 3:24 (updated 2014) (modified); *Restatement (Second) of Torts* § 563; *Cassini v. Advance Publications, Inc.*, __ N.Y.S. 2d __, 125 A.D.3d 467 (Feb. 10, 2015).

**PROPOSED CHARGE NO. 17**
**(Defamatory Meaning—**
**Consideration of the Entire Report)**

The law imposes on the plaintiff, Mitre, the burden of proving that HBO's report was in fact understood in a defamatory sense by the reasonable viewer.  This means that you are not to seize on any one word, phrase, or image, or to consider only one part of the report, or to consider any part of the report in isolation.  You must consider the whole of the report in order to determine whether the statements are defamatory.

Obviously, words and images may mean different things to different people.  You must render your verdict in favor of HBO unless you find from the evidence that Mitre has proven by a preponderance of the evidence that the HBO report was understood in a defamatory sense by a reasonable viewer of the telecast.

**Authority:**    *James v. Gannett Co.*, 40 N.Y.2d 415, 419-20 (1976); *Restatement (Second) of Torts* § 614, cmt. d; *Lenz Hardware Inc. v. Wilson*, 692 N.Y.S.2d 814, 815 (3d Dept. 1999).

**PROPOSED CHARGE NO. 18**
**(Defamation by Implication)**

The plaintiff in this case, Mitre, has alleged that HBO's report "Children of Industry" defamed it in two respects:  first, by implying that Mitre <u>used</u> child slave labor, or <u>turned a blind eye</u> to others using child slave labor, in the manufacture of Mitre soccer balls <u>in Meerut</u>, India; and second, by implying that Mitre <u>hired</u> child labor, or <u>turned a blind eye to others hiring child labor</u>, in the manufacture of Mitre soccer balls <u>in Jalandhar</u>, India.  The HBO report did not say either of things expressly.  Rather, Mitre alleges that HBO implied these things—that HBO defamed it by implication.

As I instructed you a moment ago, the meaning of a statement is the meaning that the reasonable viewer would conclude that the statement was <u>intended to express</u>.  When the plaintiff claims that true statements give rise to a false and defamatory implication or inference, the plaintiff bears an additional burden.  In such a case, there must be affirmative evidence that the defendant <u>intended or endorsed</u> the defamatory inference.

These two implications are the only alleged defamatory messages at issue in this case. Other statements or alleged messages in the report cannot form the basis of a finding of liability.

**Authority:**     *Stepanov v. Dow Jones & Co.*, 987 N.Y.S.2d 37, 44 (App. Div. 2014).

**PROPOSED CHARGE NO. 19**
**(Reference to Plaintiff)**

The second element that Mitre must prove is that the defamatory statement or, in this case, implication referred to Mitre in particular, as opposed to other companies named or unnamed.  It is insufficient that the implication was conveyed about a group of which Mitre was a member.  The defamatory message or impression must have been conveyed about Mitre specifically for it to prevail on this issue.

The plaintiff claims that although certain statements in the report do not mention the plaintiff by name it would be commonly understood by viewers of average intelligence from the manner in which the report is presented that such statements referred to it.  If you find that it would be commonly understood by such viewers from the content of the report, taken according to the customary use of language and the report's presentation of sound and images, that a particular defamatory statement or implication referred to the plaintiff, then you must consider the remaining elements of the plaintiff's case.  If you find that viewers of average intelligence would not understand a particular implication to refer to Mitre in particular, then you must find for HBO with respect to that implication.

**Authority:**   Lazer, *et al.*, New York Pattern Jury Instructions—Civil, Instr. PJI 3:25 (updated 2014) (modified); *Chau v. Lewis*, 771 F.3d 118, 129 (2d Cir. 2014).

32

## PROPOSED CHARGE NO. 20
### (Material Falsity/Substantial Truth)

The plaintiff, Mitre, also must prove to you that the defamatory statement, or in this case implication, was materially false.  A statement need not be true in every detail.  Minor inaccuracies may be disregarded in determining whether a statement is false.  A statement that is false in some details may still be substantially true.  The plaintiff must prove that the challenged statement or implication is false in a material way.  In other words, if the gist or sting of a statement is true, then the statement is true, even if some of the details are not true.

You must remember that there is no burden on the defendant, HBO, to prove the truth of any statement in its report.  HBO was free to offer proof of truth, but by doing so it did not assume the burden of convincing you of the truth of its report.  The burden remains on the plaintiff, Mitre, to prove that the HBO report was false in an important, material respect.  If Mitre has not proved by a preponderance of the evidence that a defamatory statement or implication was false in an important respect, then you should find for the defendant, HBO.

**Authority:**   Lazer, *et al.*, New York Pattern Jury Instructions—Civil, Instr. PJI 3:27 (updated 2014) (modified); *Air Wisconsin Airlines Corp. v. Hoeper*, 134 S. Ct. 852, 861 (2014); *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 768-69 (1986).

**PROPOSED CHARGE NO. 21**
**(Falsity/Substantial Truth—Matters of**
**Editorial Judgment)**

The issue of truth should not be confused with matters of balance or fairness.  There is no

legal requirement that a news report be fair or balanced.  This is one of the protections that the

First Amendment provides to the news media.  The news media has freedom to exercise its own

editorial judgment on what to include in its reports.  A publication is not false merely because it

omits facts that might have been favorable to the plaintiff or because it emphasizes facts that

might be unfavorable to the plaintiff.  A publication is false only if it says or implies something

that is materially false.

<u>Authority:</u>     *Sassower v. New York Times Co.*, 852 N.Y.S.2d 180, 181-82 (2d Dept. 2008);
*Gotbetter v. Dow Jones & Co.*, 687 N.Y.S.2d 43, 44 (1st Dept. 1999); *Masson v.
New Yorker Magazine, Inc.*, 501 U.S. 496, 517 (1991); *Rinaldi v. Hold, Rinehart
& Winston, Inc.*, 42 N.Y.2d 369, 383-84 (1977); *Machleder v. Diaz*, 801 F.2d 46,
55 (2d Cir. 1986); *Med-Sales Assocs., Inc. v. Lebhar-Friedman, Inc.*, 663 F. Supp.
908, 914 (S.D.N.Y. 1987).

**PROPOSED CHARGE NO. 22**
**(Opinions and Questions)**

There are two more important principles that bear upon the issue of falsity.

First, the law protects the right of individuals and the news media to express opinions. There is no such thing as a false opinion. People may have different opinions about controversial matters, but opinions are not facts. The plaintiff, Mitre, must prove that HBO made a false statement or implication of fact. You may not find falsity merely because you disagree with an opinion that was expressed or implied.

To determine whether a statement coveys a fact or an opinion, you should consider (1) whether the statement has a precise and readily understood meaning; (2) whether the statement is susceptible of being proved false; and (3) whether the context of the statement signals to the viewer that it is more likely to be an expression of opinion rather than fact.

Second, a question is not a statement of fact. To put it another way, there is no such thing as a false question. The news media has the right to pose questions, even pointed questions. And a question is not actionable merely because it might indicate that the questioner holds a particular opinion. A question, like a statement of opinion, is actionable only if it can reasonably be understood as conveying a false and defamatory assertion of fact.

**Authority:**     *Gertz v. Robert Welch, Inc.*, 418 U.S. 323,339-40 (1974); *Levin v. McPhee*, 119 F.3d 189, 197 (2d Cir. 1997); *Celle v. Filipino Reporter Enterprises, Inc.*, 209 F.3d 163, 178 (2d Cir. 2000); *Cytyc Corp. v. Neuromedical Sys., Inc.*, 12 F. Supp. 2d 296, 302 (S.D.N.Y. 1998); *Brian v. Richardson*, 87 N.Y.2d 46, 50-51 (1995); *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1098 (4th Cir. 1993); *Abbas v. Foreign Policy Grp., LLC*, 975 F. Supp. 2d 1, 14 (D.D.C. 2013).

## PROPOSED CHARGE NO. 23
### (Gross Irresponsibility)

The next element that the plaintiff, Mitre, must prove is that HBO published its report in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible journalists.  It is not enough that the defendant made an innocent mistake, or even that the defendant was careless or made a negligent mistake.  There must be proof that HBO published something that was materially false, and that the falsity occurred because HBO was grossly irresponsible in the way that it researched and assembled its report.  To establish that HBO acted in a grossly irresponsible manner, Mitre must prove that HBO disregarded a risk that the statement was false and that its disregard was a substantial departure from accepted standards and practices for information gathering and verification ordinarily followed by responsible journalists.

If you find that Mitre has proved that HBO was grossly irresponsible, then you must proceed to consider the other elements of the Mitre's case.  If you find that Mitre has failed to prove that HBO was grossly irresponsible, then you need proceed no further and you should return a verdict for HBO.

**Authority:**     Lazer, *et al.*, New York Pattern Jury Instructions—Civil, Instr. PJI 3:28A
(updated 2014) (modified); *Chapadeau v. Utica Observer-Dispatch, Inc.*, 38
N.Y.2d 196, 199, 379 N.Y.S.2d 61, 64 (1975); *Weiner v. Doubleday & Co.*, 74
N.Y.2d 586, 550 (1989); *Balderman v. American Broad. Cos.*, 738 N.Y.S.2d 462
(App. Div. 2002); *Chaiken v. VV Pub. Corp.*, 907 F. Supp. 689, 698 (S.D.N.Y.
1995), *aff'd*, 119 F.3d 1018 (2d Cir. 1997).

**PROPOSED CHARGE NO. 24**
**(Standard of Care—**
**Defendant is Responsible for the Actions**
**of Its Employees Not Its Independent**
**Contractors)**

In determining whether or not Mitre has proved that HBO acted in a grossly irresponsible

manner, you may only consider the acts of individuals who were employees of HBO acting

within the scope of their employment.  HBO is not responsible for the acts of its independent

contractors.  So it is not enough for you to find that an independent contractor acted in a grossly

irresponsible manner.  You must find that the defendant's employees themselves acted in a

grossly irresponsible manner.

To determine whether an individual was an employee or an independent contractor, you

should consider the level of control that the defendant had over that person's work product and

the means that person used to create the work product.  Some factors for you to consider are

whether the person (1) worked at his own convenience; (2) was free to engage in other

employment; (3) received benefits like health insurance; (4) was on the company's payroll; (5)

had a fixed schedule; (6) supplied his own equipment; (7) had an office at the company;

(8) whether the company withheld taxes or social security; and (9) how the parties viewed their

own relationship.

**Authority:**    *Chaiken v. VV Publ'g Corp.*, 119 F.3d 1018, 1034 (2d Cir. 1997); *Bynog v.*
              *Cipriani Grp., Inc.*, 802 N.E.2d 1090, 1093 (N.Y. 2003).

## PROPOSED CHARGE NO. 25
### (Single-Publication Rule)

In considering whether or not HBO acted in a grossly irresponsible manner, you should consider its actions as of September 16, 2008, the date on which the report premiered.  You should not consider HBO's actions after September 16, 2008.

**Authority:**   1 *Sack on Defamation*, *supra*, § 2:5.1; *Pippen v. NBCUniversal Media, LLC*, 734 F.3d 610, 614-15 (7th Cir. 2013), *cert. denied* 134 S. Ct. 2829 (2014); *Van Buskirk v. The New York Times Co.*, 325 F.3d 87, 89 (2d Cir. 2003).

## PROPOSED CHARGE NO. 26
### (Republication)

News organizations often make reports that others repeat.  The organization that made the report is not liable just because someone else repeated or published the report.

In this case, the defendant, HBO, authorized "Children of Industry" to be shown only on the defendant's United States premium pay television service in September and October 2008. HBO is not liable for damages caused by other showings of the report, unless Mitre proves that HBO authorized or consented to such showings.  It is not enough that HBO might have foreseen that its report would be shown or reshown by someone else.  Authorization or consent is required.

**Authority:**     *Geraci v. Probst*, 15 N.Y.3d 336, 342-44 (N.Y. 2010); *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48, 59 (2d Cir. 2002)

## PROPOSED CHARGE NO. 27
### (Actual Harm or Injury to a Corporate Plaintiff)

The final element of the plaintiff's defamation claim is proof that the false and defamatory statements at issue proximately caused the plaintiff harm or injury.

The plaintiff in this case is a corporation. Unlike an individual libel plaintiff, a corporation has no physical health, no feelings, and no emotions. Therefore, unlike an individual, it is unable to suffer any injury such as emotional distress.

As a result, a corporation can suffer actual damages only through economic harm caused by the defendant's actions. There are two ways that a corporation, like the plaintiff, can show that it suffered actual damages. First, it can offer evidence that the defendant's actions caused it to lose money. Alternatively, the corporation can provide testimony from members of the community indicating that its reputation has suffered, meaning that it can expect to lose money in the future.

**Authority:**    Lazer, *et al.*, New York Pattern Jury Instructions—Civil, Instr. PJI 3:23A (updated 2014) (modified); *Wolf Street Supermarkets, Inc. v. McPartland*, 108 A.D.2d 25, 32 (4th Dep't 1985).

C.      DAMAGES INSTRUCTIONS

**PROPOSED CHARGE NO. 28**
**(Compensatory Damages: Defamation)**

I am now going to instruct you on the law of damages.  The fact that I instruct you on the

law of damages must not be taken as an indication that you should decide for the plaintiff.  You

will decide on the evidence presented and the rules of law that I have given you whether the

plaintiff is entitled to recover from the defendant.

As I have already explained, in order to recover, plaintiff must prove actual harm.  This

means that you may not presume that the plaintiff has been damaged.  Rather, the plaintiff must

prove actual damage to its reputation.  Although the plaintiff, a corporation, need not offer

evidence which assigns an actual dollar amount to the injury, it must show that it suffered actual

harm in one of the two ways I previously explained.  If you find that plaintiff did suffer such

actual harm, you will award plaintiff a sum of money that in the exercise of your good judgment

and common sense, you find is fair and just compensation for that injury which you find was

directly and actually caused by the two implications at issue in this case.

**Authority:**      Lazer, *et al.*, New York Pattern Jury Instructions—Civil, Instr. PJI 3:29B
(updated 2014) (modified).

41

## PROPOSED CHARGE NO. 29
### (Punitive Damages)

The plaintiff may recover punitive damages only if it proves four things.  First, the plaintiff must prove that a superior officer of the defendant ordered, participated in, or ratified publication of the allegedly defamatory statements.  Second, the plaintiff must prove that the superior officer acted with a state of mind known as actual malice, which means that he or she acted with knowledge that the statement was false, or with a high degree of awareness that it was probably false.  I will explain actual malice to you in more detail shortly.  Third, the plaintiff must prove that the superior officer had another kind of malice, called common-law malice, which I will explain shortly.  Finally, the plaintiff must prove that the superior officer's common-law malice was the only reason the defendant published the allegedly defamatory statements.  If the plaintiff fails to prove any one of those four elements, you may not award punitive damages.

I will explain each element now.

**Authority:**    *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349 (1974); *Loughry v. Lincoln First Bank, N.A.*, 67 N.Y.2d 369, 378 (N.Y. 1986); *Prozeralik v. Capital Cities Comm'cns*, 82 N.Y.2d 466, 479-80 (N.Y. 1993); *Morsette v. "The Final Call"*, 309 A.D.2d 249, 254-55 (1st Dep't 2003), *lv. Dismissed* 5 N.Y.3d 756 (N.Y. 2005).

## PROPOSED CHARGE NO. 30
### (Superior Officer)

First, the plaintiff may recover punitive damages only if it proves that a superior officer ordered, approved, or ratified the publication of false and defamatory statements about the plaintiff, with both of the kinds of malice I have mentioned.

A superior officer is someone who exercises a high level of general managerial authority, in relation to the defendant's entire business.  Not every employee is a superior officer.  Even employees who have authority to make decisions do not qualify unless their position is high enough that their actions make the employer blameworthy.  Factors you may consider in deciding whether a particular employee is a superior officer include: (1) whether the employee has the power to hire, fire, or discipline other employees without consulting anyone else; (2) whether the employee has the power, on his or her own, to make policy; (3) how many other employees the employee supervises; and (4) what the employee's position is, relative to the entire company.  The plaintiff must prove this element by a preponderance of the evidence.

**Authority:**  *Loughry v. Lincoln First Bank, N.A.*, 67 N.Y.2d 369, 378 (N.Y. 1986); *Gardner v. Federated Department Stores*, 907 F.2d 1348, 1351-52 (2d Cir. 1990); *Raedle v. Credit Agricole Indosuez*, 2010 WL 1506731, at *2 (S.D.N.Y. Apr. 14, 2010).

## PROPOSED CHARGE NO. 31
### (Actual Malice)

The second element that the plaintiff must prove to recover punitive damages is actual malice.  The plaintiff must prove this element by clear and convincing evidence.

Actual malice means that the defendant's superior officer made the statement in question knowing that it was false or with a high degree of awareness of that it was probably false.  This is not an objective standard of care, but a subjective state of mind.

In addition, when, as in this case, a plaintiff contends that it has been defamed by a defendant's implied, rather than express statements, the plaintiff must also prove by clear and convincing evidence that the defendant subjectively intended to convey such an implication.

"Clear and convincing evidence" is a burden of proof more demanding than the burden of proof—preponderance of the evidence—on which I instructed you earlier.  I will further define the "clear and convincing evidence" burden of proof in the next instruction.

**Authority:**  Sand, *et al.*, Modern Federal Jury Instructions—Civil, Instr. 91-2 (updated 2013) (modified); *Garrison v. Louisiana*, 379 U.S. 64, 75 (1964); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349 (1974); *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968);  *Garrison v. Louisiana*, 379 U.S. 64, 75 (1964); *Chandok v. Klessig*, 632 F.3d 803, 816 (2d Cir. 2011); *Newton v. Nat'l Broad. Co.*, 930 F.2d 662, 681 (9th Cir. 1991); *Howard v. Antilla*, 294 F.3d 244, 253 (1st Cir. 2002).

**PROPOSED CHARGE NO. 32**
**(Burden of Proof for Knowledge of Falsity or**
**High Degree of Awareness of Probability of**
**Falsity—Clear and Convincing Evidence)**

Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence.  It is proof that satisfies you that there is a high degree of probability of the existence of a fact.  To decide for the plaintiff it is not enough to find that the preponderance of the evidence is in the plaintiff's favor.  A party that must establish its case by clear and convincing evidence must satisfy you that the evidence makes it highly probable that what it claims is what actually happened.

If, upon all the evidence, you are satisfied that there is a high probability that the defendant acted with knowledge of falsity or with a high degree of awareness of probable falsity, you must decide for the plaintiff.  If you are not satisfied that there is such a high probability, you must decide for the defendant.

**Authority:**     N.Y. Pattern Jury Instr.—Civil 1:64 (modified).

45

**PROPOSED CHARGE NO. 33**
**(Common-Law Malice)**

The third element that Mitre must prove to recover punitive damages is that HBO's superior officer acted solely out of ill will, hatred, spite, or the state of mind commonly associated with crime.  Common-law malice focuses on the defendant's attitude toward the plaintiff.  And there must be proof that ill will, hatred, or spite was the sole and exclusive reason for HBO's report.  If you find that even part of HBO's motivation was to inform the public about a matter of public concern, then you may not award punitive damages.

**Authority:**     *Prozeralik v. Capital Cities Comm'cns*, 626 N.E.2d 34 (N.Y. 1993); *Celle v. Filipino Reporter Enterprises, Inc.*, 209 F.3d 163, 184 (2d Cir. 2000); *Morsette v. The Final Call*, 309 A.D.2d 249, 255 (1st Dep't 2003); *Patton v. Egan*, 2014 WL 4652489, at *10 (S.D.N.Y. Sept. 18, 2014); *Stukuls v. State of New York*, 366 N.E.2d 829, 835 (N.Y. 1977).

**D.      SUPPLEMENTAL PROPOSED CHARGES**

**PROPOSED CHARGE NO. 34**
**(Defense Theories of the Case)**

Defendant respectfully requests an opportunity to submit proposed charges reflecting its

theories of the case after the close of the evidence.

E.       **CONCLUDING INSTRUCTIONS**


**PROPOSED CHARGE NO. 35**
**(Right To See Exhibits and Hear Testimony; Communications**
**with the Court)**

You are about to go into the jury room and begin your deliberations.  If during those

deliberations you want to see any of the exhibits, you may request that they be brought into the

jury room.  If you want any of the testimony read, you may also request that.  Please remember

that it is not always easy to locate what you might want, so be as specific as you possibly can in

requesting exhibits or portions of the testimony.

Your request for exhibits or testimony—in fact any communication with the court—

should be made to me in writing, signed by your foreperson, and given to one of the marshals

outside your door.  In any event, do not tell me or anyone else how the jury stands on any issue

until after a unanimous verdict is reached.


**Authority:**      The Court's Jury Charge, *Sokolow, et al. v. The Palestine Liberation Org., et al.*,
No. 04-cv-0397-GBD.

48

**PROPOSED CHARGE NO. 36**
**(Selection of Foreperson)**

When you retire, you should elect one member of the jury as your foreperson.  That

person will preside over the deliberations, write any notes to the court and speak for you here in

open court.

**Authority:**     The Court's Jury Charge, *Sokolow, et al. v. The Palestine Liberation Org., et al.*,
No. 04-cv-0397-GBD.

## PROPOSED CHARGE NO. 37
### (Duty To Deliberate/Unanimous)

You will now retire to decide the case.  In order to prevail, the plaintiff must sustain its burden of proof as I have explained to you with respect to each element of their claims.  If you find that the plaintiff has succeeded, you should return a verdict in the plaintiff's favor on that claim.  If you find that the plaintiff failed to sustain the burden on any element of the claim, you should return a verdict against plaintiff in defendant's favor.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either side, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

**Authority:**     The Court's Jury Charge, *Sokolow, et al. v. The Palestine Liberation Org., et al.*, No. 04-cv-0397-GBD (modified).

**PROPOSED CHARGE NO. 38**
**(Return of Verdict)**

After you have reached a verdict, your foreperson will fill in the form that has been given

to you, sign and date it and advise the marshal outside your door that you are ready to return to

the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced

in court.  Once your verdict is announced by your foreperson in open court and officially

recorded, it cannot ordinarily be revoked.

You may now retire to begin your deliberations.


**Authority:**     The Court's Jury Charge, *Sokolow, et al. v. The Palestine Liberation Org., et al.*,
No. 04-cv-0397-GBD.

Dated:  March 30, 2015                    Respectfully submitted,


                                          ____/s/ Kevin T. Baine_____
                                          Kevin T. Baine
                                          Dane H. Butswinkas
                                          Thomas G. Hentoff
                                          Allison B. Jones
                                          A. Joshua Podoll
                                          Nicholas G. Gamse
                                          Masha G. Hansford
                                          WILLIAMS & CONNOLLY LLP
                                          725 Twelfth Street, NW
                                          Washington, DC  20005
                                          Tel:  (202) 434-5000
                                          Fax:  (202) 434-5029
                                          kbaine@wc.com

                                          Of Counsel:
                                          Stephanie Abrutyn, Home Box Office, Inc.

                                          *Attorneys for Defendant*
                                          *Home Box Office, Inc.*