UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MITRE SPORTS INTERNATIONAL LIMITED,<br><br>                              Plaintiff,<br><br>      v.<br><br>HOME BOX OFFICE, INC.,<br><br>                              Defendant. | **Case No. 08-cv-9117 (GBD)(HBP)**<br><br>ECF Case |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO QUASH TRIAL SUBPOENA
OF HBO CHAIRMAN AND CEO RICHARD PLEPLER**

Kevin T. Baine
Dane H. Butswinkas
Thomas G. Hentoff
Allison B. Jones
A. Joshua Podoll
Nicholas G. Gamse
Masha G. Hansford
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC  20005
Tel: (202) 434-5000
Fax: (202) 434-5029
kbaine@wc.com

Of Counsel:
Stephanie S. Abrutyn
Home Box Office, Inc.
1100 Avenue of the Americas
New York, NY  10036
Tel: (212) 512-5610

*Attorneys for Defendant
Home Box Office, Inc.*

Mitre's Opposition does not identify any evidence relevant to the trial of this case about which HBO Chief Executive Officer Richard Plepler has unique personal knowledge. As this Court cautioned Mitre at the April 1, 2015 hearing, "you need to give me a compelling reason why the . . . chief executive officer of HBO has some relevant testimony to give" and "articulate and be very specific why it's unique other than wanting to drag in a CEO." Ex. M at 47. Mitre's Opposition has failed totally to provide the information that the Court required, which is understandable because it does not exist. Indeed, Mitre fails to refute any of the key legal and factual points on which HBO's motion is based. Mitre's subpoena for the testimony of Mr. Plepler should be quashed.

**ARGUMENT**

1.  Mitre does not dispute that courts in this District permit testimony from senior executives like HBO's CEO to be compelled "only if they possess unique personal knowledge" related to the relevant issues in the case. HBO Mem. 4 (quoting *Diesel Props S.r.L. v. Greystone Business Credit II LLC*, 2008 WL 5099957, at *1 (S.D.N.Y. 2008)); Mitre Opp. 4 & n.10.

2.  Mitre does not dispute that its subpoena for Mr. Plepler's testimony is based *solely* on the email that Mr. Plepler sent a day after the premier of "Children of Industry" ("the Report") and about which President of HBO Sports Ross Greenburg already testified by deposition. Mitre Opp. 1. That email merely suggested that Mr. Greenburg and another HBO executive send the Report to three writers (Thomas Friedman, Nicholas Kristof, and Samantha Power) and discuss with public relations professional Steven Rubenstein who else to send it to. HBO Mem. 3 & Ex. G. Mitre also does not dispute Mr. Plepler's declaration testimony that he does not recall sending the email or whether he received a response. HBO Mem. 6 & Ex. A ¶ 3.

3.  Mitre does not dispute that during discovery HBO already produced to Mitre comprehensive information about the authorized showings of "Children of Industry" and the

ratings they received, HBO Mem. 5, and that Mr. Plepler obviously has no unique personal knowledge about such matters.

4.   Mitre does not dispute that there is no evidence that any of the individuals whom Mr. Plepler's email mentioned ever distributed the Report, wrote about it, or were mentioned in any news report about it. HBO Mem. 5. Indeed, although Mitre argues that "[t]he extent to which COI was publicized . . . to prominent individuals in fields such as foreign affairs, human rights, and public relations" is relevant "to ascertain the damage to Mitre's reputation," Mitre Opp. 4-5, its Opposition fails to cite even a single news report by anyone about the Report, let alone by or involving the individuals listed in Mr. Plepler's email. Mr. Plepler obviously does not have unique personal knowledge about the extent of public distribution of "Children of Industry" or any press coverage that the Report did or did not receive.

In light of these facts, Mitre's speculation that Mr. Plepler could possibly have encountered Mr. Kristof or Ms. Power at events several months *after* the Report's premiere—on June 18, 2009 or November 17, 2009, Mitre Opp. 6 nn.13, 15 & Exs. 10, 12—and could possibly have discussed the Report with one of them at that time, fails to make a case for requiring Mr. Plepler's testimony that is remotely plausible. The issue is further *public* distribution or news coverage of "Children of Industry," and Mitre has identified none. There is no conceivable basis to compel Mr. Plepler's testimony based on Mitre's speculation that he could possibly have mentioned it to someone else *privately* several months after the Report's telecast.

5.   Mitre does not dispute that Mr. Plepler had no responsibility for, or involvement in, the production of "Children of Industry" or HBO's response to Mitre's complaints about the Report prior to the filing of this lawsuit. HBO Mem. 2. Nor does Mitre dispute the dispositive consequence of this fact under New York law: Because Mr. Plepler had no involvement in the

Report, Mitre's speculation about his knowledge regarding the Report is irrelevant. HBO Mem. 6 (citing *Rust Commcn's Grp. v. 70 State St. Travel Serv.*, 122 A.D.2d 584, 585 (4th Dept. 1986), and 1 *Sack on Defamation* § 6:4 (4th ed. 2014)). What Mr. Plepler knew or did not know about the Report when he sent an innocuous email about it a day after its premiere is not relevant to any issue in the case.[1]

## CONCLUSION

For the reasons stated here and in HBO's opening memorandum, HBO's motion to quash the subpoena for Mr. Plepler's trial testimony should be granted.

Dated: April 6, 2015

Respectfully submitted,

/s/ Kevin T. Baine
Kevin T. Baine
Dane H. Butswinkas
Thomas G. Hentoff
Allison B. Jones
A. Joshua Podoll
Nicholas G. Gamse
Masha G. Hansford
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC  20005
Tel: (202) 434-5000
Fax: (202) 434-5029
kbaine@wc.com

Of Counsel:
Stephanie Abrutyn, Home Box Office, Inc.

*Attorneys for Defendant
Home Box Office, Inc.*

---

[1] That HBO did not burden the Court with objections to the email or to Mr. Greenburg's testimony about the email, Mitre Opp. 4, is not a concession that Mr. Plepler's testimony would have any relevance to the issues in this case.