UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
MITRE SPORTS INTERNATIONAL LIMITED, :
                                         Plaintiff, :    **No. 08-CIV-9117 (GBD)(HBP)**
                                           v. :
HOME BOX OFFICE, INC., :
                                     Defendant. :
---------------------------------------------------------------x

**MITRE SPORTS INTERNATIONAL LIMITED'S SUR-REPLY
IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH
THE SUBPOENA ISSUED TO RICHARD PLEPLER**

**CONSTANTINE CANNON LLP**
Lloyd Constantine
Robert L. Begleiter
Ankur Kapoor
Jean Kim
David A. Scupp
Matthew Vaccaro
335 Madison Avenue - 9th Floor
New York, NY 10017
(212) 350-2700
(212) 350-2701 (fax)

Jason J. Enzler
1001 Pennsylvania Avenue, NW
Suite 1300 N
Washington, DC 20004
(202) 204-3500
(202) 204-3501 (fax)

*Attorneys for Plaintiff
Mitre Sports International Limited*

As HBO states, Mitre cannot dispute Mr. Plepler's averment that he does not remember ordering the President of HBO Sports and HBO's Vice President of media relations to publicize Children of Industry ("COI") to three of the most famous and influential journalists in the world, and the most powerful public relations executive in America (who also is Mr. Plepler's close personal friend), however implausible that averment is.  Nor can Mitre challenge Mr. Plepler's assertion that when he orders his subordinates to do something of this significance, he does not bother to inquire whether they complied with his order.

However, it is undisputed that Mr. Plepler has unique knowledge about these two highly suspect averments, and HBO's papers do not mention the inquiry Mitre will make – that being what Mr. Plepler himself did to publicize COI in as much as he told Mr. Greenburg and Mr. Stallone (the day after Mitre informed HBO that COI was false) that COI "should get real traction.  It's important work."  And, contrary to HBO's assertion that Mitre's subpoena "is based *solely*" on Mr. Plepler's email, Mr. Greenburg testified at his deposition that Mr. Plepler "directed his PR staff to – to strengthen the PR for the piece," because Mr. Plepler thought COI "was a powerful piece" and "newsworthy."  *See* Kapoor Dec. Ex. 1 (ECF No. 407-1).

HBO dances around the issue of what Mr. Plepler *himself* did to "strengthen the PR" for COI.  Neither HBO's memoranda nor Mr. Plepler's strategically-worded declaration states that Mr. Plepler had no involvement in increasing COI's "traction."  Rather, the evidence shows that Mr. Plepler himself was actively engaged in publicizing COI, which is the "essence of the tort of libel."  *Brian v. Richardson*, 87 N.Y.2d 46, 51 (1995).

Dated: April 6, 2015

                 Respectfully submitted,

                 **CONSTANTINE CANNON LLP**

                 By:    /s/ Lloyd Constantine
                   Lloyd Constantine
                   Robert L. Begleiter
                   Ankur Kapoor
                   Jean Kim
                   David A. Scupp
                   Matthew Vaccaro
                   335 Madison Avenue - 9th Floor
                   New York, NY 10017
                   (212) 350-2700
                   (212) 350-2701 (fax)

                   Jason J. Enzler
                   1001 Pennsylvania Avenue, NW
                   Suite 1300 N
                   Washington, DC 20004
                   (202) 204-3500
                   (202) 204-3501 (fax)